HAHN v. COTTON *et al.*, *Appellants.*

Division One, December 1, 1896.

1. **Alluvion, Rule of Apportionment of.** In this case alluvion was apportioned (without objection) according to the rule approved in *Deerfield v. Arms,* 17 Pick. 41.

2. **Boundaries, Settlement of:** PLAT. A settlement of disputed boundaries may be made by agreement referring to a plat prepared by a surveyor acting for the disputing parties.

3. **"Survey," Meaning of:** MAP: EXAMINATION OF GROUND. *"Survey"* is a word applied as well to a map exhibiting the result of an actual examination of the ground as to the examination itself.

4. **Land:** WRONGFUL POSSESSION: DAMAGES. Where possession of real property is wrongfully withheld from the owner, the latter is entitled to recover nominal damages without other proof.

5. **Ejectment:** RENT: PRACTICE. In ejectment, under Missouri law, the monthly value of the property is to be determined as a separate issue, and a finding thereon for rent at $3 per month can not be regarded as nominal, or be sustained in the absence of testimony.

6. **Written Documents:** CONSTRUCTION: PRACTICE. The court, when requested, should construe written documents in evidence.

7. **Ejectment:** PRACTICE: WEIGHT OF EVIDENCE. A finding of fact on substantial testimony in an action of ejectment can not properly be revised in the supreme court. The weight of evidence is a matter for the trial court.

8. **Practice:** ERRONEOUS INSTRUCTIONS: REMITTITUR: COSTS. Instructions not based on evidence are erroneous. Where, however, the effect thereof can be removed by a *remittitur,* the appellate court may permit such correction; but in this case the costs of appeal are taxed against the respondent.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*H. T. Alkire* and *S. F. O'Fallon* for appellants.

The plaintiff and defendant having entered into a written contract whereby they mutually agree upon a line between their adjoining lands which line had been plainly marked out by the surveyor, and the location of said line well known to both parties, and they both took possession under the agreement and they are both bound by it, and even if there had been a mistake made by a third party in running the line neither party can afterward repudiate the contract and claim to the true line. This land in controversy was made land, and the river having changed its channel the surveyor attempted to run the lines so as to give each owner a proportionate share of river front. The lines were attempted to be run by the surveyor in accordance with the rule of law laid down by the courts for the division of accreted land. This was something the owners knew nothing about, and as there were no corners and the lines run diagonally through the land, no one could tell from the plats whether the line as marked out was the same as shown on the plat or not, as the direction only varied a few degrees. The intention of the parties, drawn from the contract, was clearly to agree on the land, "as the same was recently surveyed and set off by William M. Morris, county surveyor of Holt county." This is the controlling clause in this contract, as it referred to land as actually surveyed and set off, and the lines marked out by the parties themselves. *Schad v. Sharp*, 95 Mo. 79; *Acton v. Dooley*, 74 Mo. 63; *Jacobs v. Mosely*, 91

Mo. 457. The appellant contends that the judgment was for the wrong party. The surveyor testified that when he got home he found his error before he made the plats, that the plats show where the lines have been run, and that he enclosed a plat and information in regard to the error to each party. If both parties knew of the error and knew that the line as surveyed by him was not the true line and afterward agreed on the line, the agreement is binding on each; and if both were ignorant of the mistake, then the agreement is binding and can not be repudiated by either party.

*T. C. Dungan* for respondent.

(1)  The declaration of law given on behalf of plaintiff was right. It was the duty of the court to construe the contract and the effect thereof. The contract entitled plaintiff to the possession of all the right, title and interest that the defendant had, at that time, in the land described, and to each and every part thereof, and it can make no difference whether said defendant had previously acquired title thereto by accretion, adverse possession or otherwise, or that he only had the possession thereof—nor could any pretended mistake or misunderstanding between the parties thereto be rectified under the pleadings and issues made, and evidence adduced in this case. (2) The court committed no error in modifying defendant's third declaration of law. Nor do the facts, as shown by the evidence, make a case wherein the defendant's declarations of law are applicable, and they might have been refused without error. (3) There was no agreement shown to exist at any time, between the parties, as to any division line, except that contained and agreed upon in the written contract. (4) If the land was a common accretion and the surveyor at-

tempted to and did survey, divide and plat same in accordance with the rule of law laid down by the courts, for the division of accreted lands, as claimed by appellant, and which seems to be the fact, and the defendant found that in such division some of his improvements were upon the portion falling to plaintiff, that would show a good reason and motive for the agreement, and the intention of defendant to turn over the possession to the plaintiff, of her legal or equitable portion as set off and platted, upon her paying him the value of the improvements. (5) The intention of the parties to be drawn from the contract was not to agree upon any partial, preliminary or random survey as claimed by appellant, but to an actual completed setoff, and survey, as designated on a plat made by said surveyor of Holt county recently, and which the evidence showed had been sent to, and received by each of the parties showing number of acres, corners, courses and distances of each one's lands, so surveyed and set off. The cases cited by appellant, if applicable at all in any way, tend to sustain respondent's case. *Knapp v. Publishers*, 127 Mo. 72. (6) The real ground of action is for the recovery of possession and the question of damages and rents and profits is merely an incidental matter. R. S. 1889, secs. 4626, 4631, 4633, 4638; Sedgwick & Wait, Trial of Title to Land, secs. 454, 650, 651. Under the pleadings and the evidence adduced, plaintiff was entitled to some damages, rents, and profits, and if either are excessive, but no other error appears, this court may reduce the damages, or allow plaintiff to remit such excess. *Meyers Tailoring Co. v. Keeley*, 58 Mo. App. 497; *Burdict v. Railroad*, 123 Mo. 222; *McQuiddy v. Ware*, 67 Mo. 74; *State ex rel. v. Hope*, 121 Mo. 41; *Cook v. Railroad*, 63 Mo. 402. Where the verdict is for the right party on the whole case, this court will not reverse and re-

mand. *Orth v. Dorschlein,* 32 Mo. 366; *Garesche v. Deane,* 40 Mo. 168. (7) It is clearly within the power and province of this court to affirm, or give such judgment as the trial court ought to have given in this case, and not reverse same on the question of monthly rents and profits alone, because the record fails to show the evidence, or the admissions upon which the court acted in finding same. Sec. 2303, R. S. 1889; *Scott-Force Hat Co. v. Bank,* 127 Mo. 392; *Meyer v. Orynski,* 25 S. W. Rep. (Tex.) 657; *Fraize v. Commonwealth,* 30 S. W. Rep. (Ky.) 1014; Elliott, App. Prac., sec. 580; *Jackson v. Hardin,* 83 Mo. 175. If error occurred in rendering judgment for rents and profits, in the absence of testimony on the subject, the supreme court may correct the same on appeal, upon an offer of a *remittitur* as tendered herein. *Franklin v. Haynes,* 119 Mo. 571; *Warder v. Henry,* 117 Mo. 530; *Pierce v. Lowder,* 50 Mo. App. 25; *Miller v. Hardin,* 64 Mo. 547; *Slattery v. St. Louis,* 120 Mo. 183; *Railroad v. Viney,* 30 S. W. Rep. (Tex.) 252; *State ex rel. v. Sanford,* 127 Mo. 373.

BARCLAY, J.—This is an action of ejectment, begun July 21, 1892, by a petition in the usual form. The answer is a general denial. The case was tried by the court, a jury having been waived. There was judgment for plaintiff, and an appeal was taken therefrom in due course. The dispute concerns the division of certain lands that have formed as accretions upon the riparian property of Mrs. Hahn, the plaintiff, and of Mr. Cotton, the chief defendant. It was admitted at the trial that the other defendant, Mr. Varvel, a tenant of Mr. Cotton, was in possession of the piece in dispute which comprises fifteen acres in Holt county. The tenant need not further be mentioned.

Plaintiff and defendant own adjoining farms on

Hahn v. Cotton.

the old Missouri river bank.  The lands of defendant
are above and below those of plaintiff on the original
shore as surveyed by the government engineers.  De-
fendant had fenced the disputed land, had built a
house upon it, and claimed it for a long period; but
in 1890 plaintiff began to insist on obtaining that part
of the accretion lying in front of her own undisputed
tract, bordering on the old river.  At this stage of the
controversy, defendant engaged the county surveyor
to survey all of the accretions and to apportion them
properly so far as they were affixed to the undisputed
parcels of plaintiff and defendant respectively.  It was
mutually understood that this should be done on joint
account.  So far there is no conflict in the evidence.

Plaintiff offered testimony tending to show these
additional facts:

The surveyor in May, 1890 (under his aforesaid
engagement by defendant) made a practical survey of
all the accretions.  He set stakes and marked trees to
show the dividing lines as first traced by him.  Both
parties were present at that time.

The mode of apportionment followed by the su -
veyor was in brief this: He fixed points on the ne\
river bank so as to divide the frontage thereon in th
exact ratio of frontage of the several tracts of the
interested proprietors on the old shore before the dis-
puted accretion formed thereon; then he drew straight
lines from the points so fixed to the relative division
points between said proprietors' tracts on the old shore,
following the general rule or theory which was approved
in *Deerfield v. Arms* (1835) 17 Pick. 41.  (It will not
be necessary to decide whether. that rule was justly
applicable in the circumstances of the case at bar.)

Within a few days (according to the surveyor's
statement in evidence) after he had made the survey,
he discovered (in going over his field notes) that he

had made some errors in placing the stakes and other marks locating some of the lines.   He at once notified the parties thereof, and that he would soon come again to the ground and make the changes in the visible marks of the true lines of division.   At the same time he sent each party a copy of a plat or map, clearly indicating the correct survey.   Both parties thereafter joined in paying the expenses of the survey and plats. The resurvey was to be gratis.   It was, however, never made, so far as this record discloses.   When the surveyor went forth with his instruments to make it (as agreed) a quarrel ensued, which put a stop to his progress.   Defendant at that time had crops growing upon the disputed ground, while plaintiff had hired some men who were endeavoring to locate a fence on the line claimed by her, and to get possession up to that line.   After several hostile moves (of no special importance in the case, as it now stands) plaintiff and defendant, with the aid of good counsel, came to an adjustment and agreed on terms of compromise. These were at once put into the form of a contract under seal, dated August 7, 1890.   Plaintiff was the first party; defendant, the second, in that agreement. The essential parts of it are as follows:—

"The said first party, for and in consideration of the covenants and agreements hereinafter mentioned, agrees to pay to said second party the sum of fifty dollars ($50.00) in cash.

"The consideration for the payment of the said sum of fifty dollars by the said first party to the said second party is that the said second party agrees to give up, relinquish, and surrender over to said first party the possession and all his claims to and of the following described property in Holt county, Missouri, together with the log house thereon, to wit: 39.81 acres of made land, lying in a parallel strip southwest

of, and adjoining onto, the southwest corner of the northwest quarter of section twenty-one (21), township fifty-nine (59), of range thirty-eight (38), in Holt county, Missouri, as the same was recently surveyed and set off by Wm. M. Morris, county surveyor of Holt county, and as designated on a plat made by said surveyor of said land.''

Then follow certain stipulations in regard to a right of way, the harvesting of defendant's crops of that year, removal of his fences, etc., which have no relevancy to the issues raised by this appeal. Both parties signed and sealed the document. The payment to defendant of the consideration named therein was proven by the witness who attested its execution.

There was also positive proof from the same surveyor that the land in suit was part of the tract of 39.81 acres mentioned in the contract, and that it so appeared upon his plat of said land furnished to both parties as already described. The plat was offered in evidence, but it is not necessary to reproduce it in this opinion. No question as to its meaning or construction is raised.

On the part of defendant, the testimony tended to prove that he was not informed of the discrepancy between the original survey (as marked by the stakes and other signs on the ground) and the plat furnished by the surveyor, until long after the agreement of settlement above quoted.

The court approved the following declaration of law for plaintiff (the only one given on that side):—

''The court declares the law to be that the contract read in evidence between the plaintiff and the defendant is sufficient to pass the right of possession to the land therein described from the defendant, Cotton, to the plaintiff, Hahn; and if the court finds from the evidence that the land sued for in plaintiff's petition is a part of the land described in said contract, then the

court should find for the plaintiff and assess plaintiff's damages at such sum as said plaintiff may have sustained from the evidence, and also for the monthly value of the rents and profits."

Several declarations of law were given at the instance of defendant; but as no error is suggested concerning them it is needless to refer to them further.

The court found for plaintiff for possession, with one cent damages, and further found the monthly value of the rents and profits to be three dollars.

Defendant moved unsuccessfully for a new trial, and then appealed, after preserving exceptions.

1.   It is first argued that the plaintiff's declaration of law is erroneous, because plaintiff was not entitled to recover at all under the testimony.

It is the duty of the court to construe written contracts in evidence when required so to do; and the proper mode of such construction, under our prevailing system of civil procedure, is by instructions or declarations of law.   That proposition is too firmly settled to require argument at this day.

The construction placed by the learned trial judge upon the contract which lies at the root of this case seems entirely correct, as against any objection that has been advanced.

As used in the law governing the adjustment of disputes concerning boundaries of land, the word "survey" applies as well to the map, plat, or chart, exhibiting the result of an actual examination of the surface of the ground, as it does to the examination itself. The word is quite as often employed to signify such a chart or plat as in any other sense, according to the colloquial usage of the people of this state.   The context of the word often points out more definitely its meaning, as it does in this instance.

The contract before the court most clearly indicates

that the tract of land, claimed by plaintiff (as designated on the plat of the surveyor) was intended to be the subject-matter of the stipulations of that settlement in regard to the relinquishment by defendant.

The circumstances of the making of the contract were given in evidence without objection. According to the version of them furnished by plaintiff, the defendant was fully informed that the original marking of the ground was erroneous, and that the plat alone truly represented the location of the division lines between the parties. If plaintiff's testimony be taken as true, the plat was, in reality, the only accurate indication of all of the lines, and both parties were aware of that fact when they made the contract of settlement.

The issues in the case were simply and solely as to the right to possession, damages, and rents, under the ejectment statute. R. S. 1889, sec. 4638. No question as to fraud or mistake in the contract itself was raised by the pleadings, evidence, or instructions.

There was, indeed, a clash in the testimony, as to whether defendant, when he made the contract, knew of the want of conformity of the plat of the actual survey to the visible marks appearing on the disputed ground. But as there was abundant evidence to warrant the inference of such knowledge on his part, a finding based thereon could not properly be revised (as to the fact itself) in this court.

The supreme court can not rightly set aside a judgment by the trial court on a matter of fact in a case of this sort, where, as here, there is substantial evidence to support the judgment. The weight of that evidence is a subject to be settled in the trial court. That is very trite law in Missouri.

The plaintiff's testimony showed that the disputed land was part of that which belonged to plaintiff

according to the plat. Defendant was confessedly in possession by his tenant; and under the contract defendant was bound to give up that possession to plaintiff. There was ample support for the finding for plaintiff as to possession.

2.   Nor is the judgment on the circuit open to just criticism for want of testimony touching the damages for withholding possession. When the holding by defendant is found to be unlawful as against plaintiff, nominal damages may be recovered by the latter without other proof than of the unlawful retention of the possession. Such damages are given to vindicate the violated right of plaintiff to the possession. *Cotterill v. Hobby* (1825) 4 B. & C. 465; *Jones v. Hannovan* (1874) 55 Mo. 462; 1 Sedgwick, Damages (8 ed. 1891) sec. 101. Hence the finding for one cent damages was proper.

The remark in *Franklin v. Haynes* (1894) 119 Mo. 566 (25 S. W. Rep. 223) as to the necessity of evidence to sustain a finding of damages in ejectment, is correct as applied to the facts then in judgment. The finding under review in that case was for substantial damages. The decision does not declare, and was not intended to imply, that nominal damages may not be recovered upon evidence merely of withholding possession from the plaintiff, the real owner.

3.   The finding as to monthly rents is also attacked as fatally weak for want of testimony. The issue as to those rents is a separate one, under our statute regulating the action of ejectment. R. S. 1889, secs. 4640, 4641.

Without testimony as to value, there certainly could not properly be a finding for monthly rent at the rate of three dollars per month. That finding could not be regarded as nominal. The record before us gives no explanation (that we can properly consider)

why such a sum was fixed as the value, in the absence of any proof on the subject. The plaintiff's instruction called for a finding on that point, though there was no testimony to support the instruction.

Instructions are, as a general rule, erroneous that are not based on the evidence adduced. This is too familiar a proposition to require discussion now.

4. But the sting of such an error may be removed by a writing-off, or remittitur, of the amount of excess in the finding, if the latter is of such a sort as permits the improper item to be clearly discerned and taken out. The plaintiff has offered in this court to remit that excess by releasing the entire finding as to monthly rents. She will be permitted to do so. Accordingly the finding as to monthly value of the rents and profits is vacated and the judgment modified in that particular. It is then affirmed as so modified. The costs in this court are adjudged against plaintiff. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.