## BARNES, Appellant, v. STONE, Sheriff and Acting Trustee.

### Division Two, July 3, 1906.

1. **APPELLATE JURISDICTION: Title to Real Estate: Trustee's Sale: Injunction of Resale: Specific Performance.** The purpose of the suit was to obtain an injunction to prevent the resale by the trustee of certain lands, already bid in by plaintiff, on the ground that a resale will cast a cloud upon plaintiff's title, and to compel defendant to accept certain notes in payment of a bid made by plaintiff for said lands at a sale by defendant as trustee, and make plaintiff a deed. *Held*, that, if the only purpose of the bill was to obtain an injunction to restrain a further sale, since the amount involved is less than $4,500, this court would have no jurisdiction; but as the bill also prays for specific performance of the contract of sale, and the necessary result will be that one party will win or lose the title to real estate, this court has jurisdiction of the appeal.

2. **COPARTNERSHIP: Deed of Trust: Application of Proceeds.** When a member of a partnership dies, the partnership is dissolved, and its assets remain for the liquidation of the partnership debts. The trustee at a foreclosure sale of partnership lands under a deed of trust made by the partners cannot accept in part payment a note made by the surviving partner and the wife of the deceased partner and secured by a second deed of trust on the same lands. The right of the administrator of the partnership estate to the excess of the purchase money in the hands of the trustee, after satisfying the first valid deed of trust and debt, cannot be excluded in that way.

3. ———: ———: **Payment By Note of Deceased Partner's Wife.** Two partners gave a deed of trust on partnership lands, and that note plaintiff acquired. Thereafter one of the partners died, and a third person was appointed administrator of the partnership estate. Thereafter the surviving partner and the wife of the other executed a second note and secured it by a deed of trust on the same lands, and this note plaintiff also acquired. *Held*, that plaintiff could not compel the trustee, who sold the land under the first deed of trust, to accept this last note as part payment of his bid made at the trustee's sale.

4. ———: ———: ———: **Resale.** Where the bidder at the trustee's sale refuses to pay the amount of his bid, although the bidder may be the owner of the notes secured thereby and does not desire a resale, the trustee can readvertise and resell.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley*, Judge.

AFFIRMED.

*E. F. Sharp* and *Robt. Rutledge* for appellant.

(1) The right of the surviving partner to settle up the partnership estate existed at common law and has never been taken away from him by statutes of this State; consequently, it remains in full force, and he may proceed to wind up the partnership estate without administration or any action of the probate court. At common law the title to all partnership property is invested in the surviving partner for this purpose. Having the right to settle up the partnership estate, his acts, done in the pursuance of that right, must be legal. Easton v. Courtwright, 84 Mo. 37; Crook v. Tull, 111 Mo. 288; Goodson v. Goodson, 140 Mo. 215; State v. Withrow, 141 Mo. 69; Bredow v. Mutual Savings Assn., 28 Mo. 181; Holman v. Nance, 84 Mo. 674; Scudder v. Ames, 142 Mo. 188; Hargadine v. Gibbons, 114 Mo. 561. (2) The above is the generally accepted doctrine in this country. Mathews v. Hunter, 67 Mo. 295; Hartnett v. Fegan, 3 Mo. App. 1; Delinenice v. Guillaume, 2 Sand.

Ch. 366; Andrews' Heirs v. Brown's Admr., 21 Ala. 437; Murphy v. Abrams, 50 Ala. 293; Cobble v. Tomlinson, 50 Ind. 550; Merrell v. Dickey, 38 Mich. 45; Pierce's Admr. v. Trigg's Heirs, 10 Leigh (Va) 423; Dyer v. Clark, 5 Met. (Mass.) 577; Tallyhurst v. Champlin, 4 R. I. 209. (3) The surviving partner may exhaust the partnership estate in order to pay claims against it. Authorities cited under points 1 and 2. (4) The trustee under a trust deed is authorized to pay all debts which are liens subsequent to the trust deed. Notes, so secured by subsequent liens, are equivalent to cash in his hands. Mead v. McLaughlin, 42 Mo. 198; Cooney v. Laird, 153 Mo. 433. (5) A mortgagee has the right to pay taxes and the mortgage secures the same, and this, whether the mortgage gives this specific power or not. Chrisman v. Hough, 146 Mo. 102; Brown v. Brown, 124 Mo. 85; 1 Jones on Mortgages, sec. 358. (6) A sale of land under a trust deed without authority of the owner of the debt is absolutely void. Magee v. Burch, 108 Mo. 336; Cutler Investment Co. v. Dunsworth, 146 Mo. 361. (7) The act of the sheriff in selling land under a deed of trust is not an official act. Dunham v. Hartman, 153 Mo. 632.

*J. V. Conran* for respondent.

Upon the petition of the appellant it is apparent that he had no right to demand of the respondent trustee the acceptance of the note made, executed and delivered by Albert Maynard, Frona Maynard and Hulda Stanley after the death of J. H. Stanley. After the sale of the said premises by respondent trustee, he became liable to Barnes for the amount of the Himmelberger note and the taxes advanced by Barnes and to the creditors of the estate of Stanley and Maynard for the balance. Appellant having requested respondent to sell the property, and then purchasing thereunder, and then refusing to pay, cannot complain that said act-

ing trustee did readvertise and sell. Respondent was solvent under the proof. R. S. 1899, sec. 3649; McKinzie v. Mathews, 59 Mo. 99; Schuster v. Myers, 148 Mo. 422; Skrainka v. Oertel, 14 Mo. App. 374; Dickhaus v. Oderheide, 22 Mo. App. 76; Wilcox v. Walker, 94 Mo. 88; Lockwood v. Lunsford, 56 Mo. 68; Echelcamp v. Schrader, 45 Mo. 505.

GANTT, J.—This is an appeal from the circuit court of New Madrid county, Missouri, dissolving the temporary injunction which had been previously granted by said court restraining and enjoining the defendant Stone from selling certain real estate in said county, under and by virtue of a certain deed of trust made and executed on the 10th of November, 1899, by J. H. Stanley and Albert Maynard as co-partners in the saw-milling and timber business at Conran, Missouri.

The petition for the injunction in substance stated the following facts: That on the 10th of November, 1899, J. H. Stanley and Albert Maynard were the joint owners in fee simple of 354.66 acres of land specifically described, all situated in New Madrid county, Missouri. That on the 10th day of November, 1899, said Stanley and wife and said Maynard and wife made, executed and delivered their certain deed of trust to the above-described lands to John H. Himmelberger, as trustee, to secure $1,241.31 to the Himmelberger-Luce Land & Lumber Company, as evidenced by their notes for that amount; that the said notes secured by the said deed of trust were past due and wholly unpaid and were the property of the plaintiff Barnes. It is then alleged that on the ...... day of March, 1903, the defendant at the request of the plaintiff proceeded to sell the above-described lands at public sale to satisfy said debt; that at the said sale, the said land was sold, and plaintiff was the highest bidder therefor at the sum of $3,010. It is then alleged that on the 23rd of February, 1901, the said Maynard and wife and Mrs.

Stanley, the widow of J. H. Stanley, the deceased co-partner, made, executed and delivered to one J. M. Morrow, as trustee, their deed of trust on the same lands above described to secure the payment of $1,210, to one L. F. LaFont, and that plaintiff had also become the owner of the notes secured by said deed of trust. It is also alleged that on the 20th of December, 1902, in order to preserve the security, the plaintiff paid the taxes on said lands, to the amount of $122.64. It is then alleged by the plaintiff that on the 5th of March, 1903, he tendered to the defendant as trustee in the first-mentioned deed of trust and in payment of his bid of $3,010,

| | |
|---|---:|
| Four notes secured by the first above-described deed of trust dated November 10th, 1899, amounting to........ | $1,607.72 |
| The unpaid note secured by the second above-described deed of trust dated February 23rd, 1901, amounting to.. | 690.11 |
| The three tax receipts above described amounting to...... ........ ...... | 122.64 |
| Money of the U. S. for publishing notice of sale per bill.. .......... ........ | 6.00 |
| Lawful money for trustee's fees of defendant as agreed .... .... ...... | 40.00 |
| Cash ...... .......... ........ .... | 583.53 |
| Making a total of.............. | $3,010.00 |

And that the defendant refused to accept in satisfaction of said bid and refused to make and deliver to plaintiff his trustee deed to said lands. It was then alleged that the defendant had re-advertised said real estate for sale under the first above-described deed of trust, although not requested so to do by plaintiff, the holder of the note secured thereby; that if such sale is permitted, it will cast a cloud on the title of plaintiff to said lands, and that the defendant unless restrained

will again sell said real estate, and plaintiff will suffer great and irreparable injury, that the security of his notes will be impaired and lost, that an adequate remedy cannot be afforded for damages; that the said J. H. Stanley is dead and his estate is insolvent, and that the defendant S. B. Stone and Albert Maynard are insolvent. The prayer of the petition was that the defendant be restrained from selling the lands by virtue of said deed of trust, and that he be ordered to make and deliver to plaintiff his trustee's deed and receive the notes, money and receipts above described in full payment therefor.

The temporary writ of injunction was granted, and at the March term, 1903, the defendant filed his ansewer to the petition, in which he admitted the conveyance of the lands by Stanley and Maynard to Himmelberger to secure the $1,241.31. Admits that at the request of the plaintiff on the 4th of March, 1903, defendant advertised and proceeded to sell the lands in said deed of trust described, in all respects as required by law, and did sell the same to plaintiff for the sum of $3,010. Defendant states that previous to the acquiring by plaintiff of the various notes described in plaintiff's petition, J. H. Stanley had departed this life; that the second deed of trust secured in favor of L. F. LaFont, was executed after the death of said Stanley. It is then alleged that on the 28th of February, 1901, L. F. LaFont was duly appointed administrator of the partnership estate of Stanley and Maynard, and qualified as such, and that the said estate was still pending and unsettled in the probate court of New Madrid county at the time of the institution of this suit for injunction. Defendant states that when the plaintiff bid off the said lands at the sale thereof by defendant, under the deed of trust to said Himmelberger, the plaintiff promised the defendant to pay the said sum of $3,010, the amount of his bid for said lands, as soon as he came to town, and defendant did not at once re-

sell said lands on account of having failed to receive
the amount of the bid therefor, but applied to plaintiff
for the said sum of $3,010. The plaintiff failed and re-
fused to pay the same, and that thereupon the defend-
ant did immediately proceed to advertise the said lands
for sale. The answer denies that plaintiff will suffer
any great and irreparable injury. Denies that plain-
tiff's security will be impaired or lost. Denies that
plaintiff has no adequate remedy by action at law, and
says that the insolvency of J. H. Stanley and Albert
and Frona Maynard in no way affects the parties to
this action. Defendant alleges that at the time of the
institution of this suit, he was, and still is solvent.
Having fully answered, he prays to have the injunction
dissolved.

Afterwards, on the same day, the defendant filed
his motion to dissolve the injunction. Both parties
having consented to the trial of said cause at the March
term, 1903, it was submitted to the court and after
hearing all the testimony, the court dissolved the in-
junction and dismissed the bill.

I. Has this court jurisdiction of this appeal? It
is evident that the amount involved does not give this
court jurisdiction, and there is no Federal question in
the case. Indeed it is obvious that unless it can be said
that the title to real estate is involved, this court has
no jurisdiction of the case.

The bill has two objects in view, one to obtain an
injunction to prevent a sale of lands, on the ground that
it will cast a cloud on the title of the plaintiff, and the
other to compel defendant to accept certain notes in
payment of a bid made by plaintiff for said lands at a
sale by defendant as trustee, and make plaintiff a deed.
The pleadings on both sides assert and confess title in
the lands to be in the partnership of Stanley & May-
nard, and that the debt for which the Himmelberger

deed of trust was given was executed for a partnership debt of said firm.

If the only purpose of the bill was to obtain an injunction, we should hold that the title to real estate was not involved. [State ex rel. v. Court of Appeals, 67 Mo. 199.] But the bill also prays for a specific performance of the contract of sale and this presents a different phase of the case. The necessary result of the suit must be that one party will win or lose the title to the real estate involved. If this court should hold that plaintiff was entitled to pay for the land in the way he offered to do, a decree must be entered directing defendant to execute and deliver him a proper conveyance thereto. On the other hand, if we should hold that the plaintiff's tender was insufficient, then he is not entitled to a deed or the land in equity, and he loses it. In this latter view of the case we think the title to real estate is involved in the meaning of our Constitution defining the jurisdiction of this court.

The jurisdiction of the Supreme Court of Illinois on appeal attaches when the title to a freehold is involved and that court has often ruled that in suits to enforce the specific performance of contracts for the conveyance of freehold estates the title is involved, upon the principle that where the necessary result of the judgment or the decree is that one party gains and the other loses a freehold estate, the title is involved. [Banking Ass'n v. Bank, 157 Ill. 576; Ryan v. Sanford, 133 Ill. 291; Railroad v. Watson, 105 Ill. 217.]

II. On the merits of the case we find no error. The plaintiff, as the owner of the Himmelberger deed of trust, had the right to have it foreclosed, and it is conceded by both sides that he requested the defendant as substituted trustee in place of Himmelberger, the trustee, who had refused to act, to advertise and sell the lands and thus foreclose the deed of trust, and the defendant at his request did sell the lands in suit to

satisfy said deed of trust, and plaintiff became the purchaser for $3,010, and promised to pay the defendant the amount of said bid that day, but when defendant applied to him for the amount of his bid, he tendered defendant the amount of the note and interest thereon, which had been secured by the deed of trust, in part payment of his bid. This he had the right to do as he owned the said note, but he also tendered the amount of a note and interest executed by Maynard, the surviving partner, and his wife, Mrs. Frona Maynard and by Mrs. Stanley, the wife of the deceased partner, after the death of Mr. Stanley, and secured by a deed of trust on the same lands, which note plaintiff owned and held, which note and interest defendant refused to accept as part payment of said bid. Did plaintiff have the right to have said note and interest accepted in part payment of his bid in the circumstances? To answer intelligently, further facts must be taken into account, and they are that it is conceded on all sides that the land in question was partnership assets of the firm of Stanley & Maynard and the Himmelberger note was a co-partnership debt; that Stanley, one of the partners, died, and Maynard, the survivor, waived his right to administer, and LaFont on the 4th of March, 1901, was the duly appointed and legally qualified administrator of said co-partnership estate. It is obvious that J. H. Stanley was not a party to the note and deed of trust executed after his death. In support of his claim to have the said note and deed of trust applied in payment of his bid plaintiff invokes the doctrine that a trustee may apply the proceeds in his hands arising from a sale under a prior deed of trust to subsequent junior deeds of trust on the same lands, and thus satisfy all liens against the lands. [Mead v. McLaughlin, 42 Mo. 198; Coney v. Laird, 153 Mo. 408.] But it is apparent that neither of these cases reaches the point now under consideration, which is, can the surviving partner and his wife and the wife of the deceased partner voluntar-

ily create a lien on the partnership estate after the death of one of the partners when a third party is duly appointed administrator and in charge of the partnership estate, and thus exclude the right of the administrator of the co-partnership estate to the excess of the purchase money in the hands of the trustee, after satisfying the debt and mortgage created by the partners in the life time of both of them? We think they cannot. When Mr. Stanley died the partnership was dissolved and its assets remained for the liquidation of the partnership debts.

Counsel invokes the law that a surviving partner may administer the partnership estate in right of his survivorship and this is ordinarily true, but there is not a word of evidence in this record that Maynard undertook as surviving partner to administer on the partnership estate of Maynard & Stanley, and there is no such allegation in the petition. There is neither allegation nor proof that the note and deed of trust given by Maynard and wife and Mrs. Stanley was for a copartnership debt.

Whatever may be the rights of a surviving partner, it is clear that when, as in this case, he waives his right to administer on the partnership estate, and another administrator is in charge when the lands of the copartnership are sold to satisfy a lien created when all the partners are alive, the surplus over and above the secured debt is assets of the copartnership estate, and the administrator thereof is entitled to administer the same and apply it to the liquidation of the unpaid debts of the partnership. [Carlisle's Adm'r v. Mulhern, 19 Mo. 56.]

It appears to us that the discussion of Maynard's powers as surviving partner under the facts disclosed upon this record, is *dehors* the record. As the surplus over and above the Himmelberger note and interest belonged to the administrator of the partnership estate, LaFont, the defendant as trustee was right in

refusing to accept the note of Maynard and wife and Mrs. Stanley in part payment of the bid. The defendant having by authority of the deed of trust assumed the duties of trustee and at the request of the plaintiff, he must be held to the accountability of a trustee with corresponding powers and having accepted the bid of plaintiff for $3,010, and plaintiff having refused to pay the same, the trustee could readvertise and resell the property to satisfy said Himmelberger note and deed of trust. [Davis v. Hess, 103 Mo. 31; Dover v. Kennerly, 38 Mo. 470; Barnard v. Duncan, 38 Mo. 170.]

We do not think the plaintiff is in a position to say that such a resale would be without his consent or request, after inducing the trustee to act, but be that as it may, the burden of this appeal is the right of plaintiff to require defendant to accept the note of Maynard and wife and Mrs. Stanley, executed after the death of Stanley as part payment of his bid, and we are of the opinion that neither his bill nor the proofs required the defendant to accept the same, and the circuit court properly so held. There was no error in dismissing the injunction on the other facts developed.

*Burgess, P. J.,* and *Fox, J.,* concur.