WILLIAM A. FITZPATRICK v. W. L. GARVER et al.; CATHERINE H. GARVER, Appellant.

**Division One, December 6, 1913.**

EJECTMENT: Pleading: Possession: Ouster. A petition in statutory ejectment filed March 13, 1909, stating that "on the 26th day of January, 1909, the plaintiff was the owner of and entitled to the possession of" certain described land, "and being so entitled to the possession thereof, the defendants afterwards, on the 27th day of January, 1909, unlawfully withhold from plaintiff the possession of said premises," will be held upon appeal to state a cause of action, there having been no demurrer or motion directed against the petition below. The statute does not require that the plaintiff, in order to maintain his action, should ever have been in possession of the premises, any more than it requires that he should have been ousted by the defendant. It is enough that the plaintiff have the *right* to the possession at the time of bringing his action, and enough that the right of possession of the defendant, if he ever had one, has expired.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*Lewis A. Chapman* for appellant.

The petition of the plaintiff fails to state facts sufficient to constitute a cause for action. There is no allegation in the petition that the plaintiff was the owner of and entitled to the possession of the land described in the petition at the time of the commencement of this suit, or the filing of the petition. There is no allegation that the defendant was in posession when the suit was commenced. The petition nowhere alleges that the defendant ousted the plaintiff and entered into possession of said land and withholds the same from the plaintiff at the time of filing suit. Plaintiff's petition should allege that at the commencement of the suit the defendants were in possession of the land to which, at that time, plaintiff was legally entitled. Alexander v. Campbell, 74 Mo. 142; Tetherow v. Chambers, 74 Mo. 183. In an action of ejectment the substantive facts required to be alleged are that at the commencement of the action defendant was in possession of the property, and that plaintiff, at that time, was legally entitled to the possession of the same. Alexander v. Campbell, 74 Mo. 142. For a proper form of petition in ejectment, see Peters v. Byrne, 175 Mo. 236. Actions in the nature of ejectment must be brought against the occupant or party in possession of the land, and the declaration must generally allege that the defendant is in possession of the disputed property. Sedgwick and Waite on Trial of Title to Land, sec. 432. The petition should also allege that the defendant wrongfully and unlawfully withholds the possession of the premises claimed. The necessary averments in a petition in ejectment are set forth in Sec. 2387, R. S. 1909. There can be no doubt from this section that the petition must allege the plaintiff's right to the possession at the commencement of the suit and that at the same time the defendant was in possession, unlawfully, withholding the possession from the plaintiff.

*Karl Hirsh* and *Scott J. Miller* for respondent.

(1.) The petition as it stands is good. R. S. 1909, sec. 2387. (2) It is the established rule that a petition which impliedly states a cause of action is good after verdict. Bank v. Scalzo, 127 Mo. 164; Bank v. Leyser, 116 Mo. 73; Mumford v. Keet, 65 Mo. App. 505. (3) Every just intendment must be given to the petition in support of a favorable judgment thereunder. This was the evident purpose of our statute (R. S. 1899, sec. 2113, subsec. 9), and is the doctrine of the cases on this subject above cited. Keaton v. Keaton, 74 Mo. App. 178. (4) It is immaterial on what date the ouster is alleged to have been made by defendants as such averment is unnecessary in ejectment, and can be treated as surplusage. The case of Alexander v. Campbell, 74 Mo. 142, cited in the appellant's brief, distinctly holds this. The opinion of SHERWOOD, C. J., in this case contains the following language: ". . . it would seem unnecessary, nay, forbidden, to allege that which 'the law does not require to be proved;' and that an entry by the defendant is not necessary, is not one of the 'substantive facts,' necessary for the plaintiff to prove . . ." Sec. 2382, R. S. 1909, provides that an action for the recovery of possession of premises may be maintained "in all cases where the plaintiff is legally entitled to the possession thereof." Section 2389 prescribes what shall be proved at the trial to obtain a recovery for plaintiff—possession by the defendant and right of possession by the plaintiff, at the commencement of the action.

BROWN, C.—This suit was begun in the circuit court for Livingston county by the filing, on March 13, 1909, of the petition, which, omitting the signature, is as follows:

*Ejectment.*

"Plaintiff states, that on the 26th day of January, 1909, he was the owner of and entitled to the posses-

sion of that part of block eight of the original (Orin Garvin's) survey of the city of Chillicothe, Missouri, beginning fifty-two feet west of the southeast corner of said block, thence west fifty-three feet to the property of Carrie Shirley; thence north one hundred and forty-one feet; thence east fifty-two feet; thence south one hundred and forty-one feet to the place of beginning, being the north side of Cooper street, and being so entitled to the possession thereof, the defendants afterwards, on the 27th day of January, 1909, unlawfully withhold from plaintiff the possession of said premises to his damage in the sum of fifty dollars. Plaintiff states that the monthly rent of said premises is $16.66 2-3 per month.

"Wherefore, he prays judgment for the possession of said premises above described and for fifty dollars damage, and for the monthly rents from the 27th day of January, 1909, to the date that possession is given to him, and for his costs in this behalf expended."

The defendant Catherine H. Garver alone filed answer, which was a general denial. The case went to trial, and upon the pleadings and evidence judgment for plaintiff and against both defendants was entered, from which this appeal is taken by Catherine H. Garver. The record proper alone is brought here for review upon the sufficiency of the petition to sustain the judgment.

It will be noted that in the description of the land in the petition the second call for distance is fifty-three feet which makes a patent discrepancy. This is corrected to fifty-two feet in the judgment. This is not mentioned in the briefs, but seems to have been a printer's error and will be disregarded.

The appellant insists that the petition is fatally defective, and wholly insufficient to support the judgment because it fails to state facts sufficient to constitute a cause of ac-

**Sufficiency of Petition.**

tion. She bases this contention on the fact that it does not state that upon the very day it was filed in the office of the clerk of the circuit court plaintiff was entitled to the possession of the land sued for, and that the defendants were then unlawfully withholding its possession from him, and that it fails to lay any ouster. Her brief gives us so little light upon the process of reasoning by which she arrives at this conclusion, that it will, perhaps, be the most satisfactory way of dealing with the question to inquire generally what the statutes prescribe in a pleading of this character. Our action of ejectment being a statutory one we should expect the act that created it to be the repository of all that is special and peculiar in its procedure.

It (R. S. 1909, sec. 2382) declares that the action may be maintained in all cases in which the plaintiff is legally entitled to the possession of the premises. Section 2385 provides that it shall be prosecuted in the real names of the parties thereto, and shall be brought against the person in possession of the premises claimed. These two sections abolish the fiction by which an ouster or ejectment was an absolute prerequisite of the action. It is no longer necessary to allege that the mythical Mr. Doe entered upon the premises, where he was met by the ubiquitous Mr. Roe and politely ejected. The plaintiff became the living party entitled to possess the land, and the defendant the person who was there at the time and withheld the possession from him. The pleadings and proceedings were required (section 2388) to be conducted as in other civil actions except where in that article otherwise prescribed. In other civil actions the code requires of the petition "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." [Sec. 1794.] The statute does not require that the plaintiff, in order to maintain this action, should ever have been in possession of the premises,

any more than it requires that he should have been ousted by the defendant. It is enough that the plaintiff have the *right* to the possession at the time of bringing his action, and enough that the right of possession of the defendant, if he ever had one, has expired. As for the evidence, it is sufficient for the plaintiff to show the same two facts, that is to say, that the defendant is in possession when the suit is brought, and that the right, as against him, to the possession is in the plaintiff. [Sec. 2389.]

The only statutory provision specially applicable to such pleading is section 2387. It provides that "it shall be sufficient for the plaintiff to aver in the petition that on some day therein to be specified, he was entitled to the possession of the premises, describing them, and being so entitled to the possession thereof, that the defendant afterward, on some day to be stated, entered into such premises and unlawfully withholds from the plaintiff the possession thereof."

This section purports to give no hard and fast rule. It simply states the averments required to meet every case that can arise under the statute, as section 2389 states the proof which will, in every case, authorize a recovery. There is nothing in its language that implies that an entry upon plaintiff's possession shall be alleged where there has been no such entry, as in cases where the defendant is holding over after the expiration of his possessory right and the accrual of that of the plaintiff. Judging this petition by that rule we find that it states plainly that the plaintiff was, upon a day specified, entitled to the possession of the premises, and that being so entitled the defendant afterward unlawfully withholds from plaintiff the possession. While it might possibly have been more elegantly framed it seems to be a careful attempt to state that the defendant was withholding the possession of the premises from plaintiff and it speaks as of the very date of its filing in the present tense. The word "with-

holds'' implies, in the connection in which it is used, that the defendant is retaining in his own possession that which the plaintiff claims.

The same question was before this court in Alexander v. Campbell, 74 Mo. 142. The petition there questioned was, so far as we can see, framed on the same plan as the one now under consideration, except that the words ''being in possession of said premises'' preceded the charge of unlawful withholding. The present possession of the defendant is, in our opinion, as certainly expressed in this case by the use of the word ''withholds,'' as by the words we have quoted from the Alexander petition. This pleading does not need the aid of any of our statutes relating to jeofails and amendments to sustain the judgment, but should it lack that certainty of statement which might be reasonably required to sustain it against a timely demurrer, it implies all the statutory requisites, and such uncertainty would be rendered harmless by the provisions of the eighth, ninth and fourteenth clauses of section 2119, Revised Statutes 1909; for so shadowy an objection ought to be called to the attention of the court in time to prevent the labor and expense of a fruitless trial. If this was not done by demurrer and the evidence authorized a judgment there was again an opportunity to interpose the same objection against its entry, when the defective statement could still be remedied by amendment. Should this opportunity be passed, and the judgment be entered, neither party to the oversight could complain of prejudice because a matter so clearly implied had not been emphasized by amendment so as to conform to his highly specialized views.

The judgment is affirmed. *Blair, C.*, concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.