John ATKINSON (Plaintiff), Respondent,

v.

Carrie SMOTHERS (Defendant), Appellant.

No. 29271.

St. Louis Court of Appeals.

Missouri.

June 12, 1956.

J. Grant Frye, Cape Girardeau, for appellant.

Limbaugh & Limbaugh, Cape Girardeau, for respondent. (Appearing only on appeal.)

MATTHES, Judge.

In this case tried before the court the defendant appeals from the judgment awarding plaintiff possession of certain real estate and $80 as rent, and the dismissal of her counterclaim.

Plaintiff and defendant entered into a written contract on April 21, 1953, wherein plaintiff agreed to sell to defendant a lot in Cape Girardeau, Missouri, with improvements thereon. The sale price was $1,789.16, $10 of which was paid when the contract was executed, and the balance of $1,779.16, with interest at six per cent per annum, was payable in equal monthly installments of $10 on the twenty-first day of each month. The contract provided that time shall be of the essence "of this real estate contract", but the buyer, defendant, was granted "a grace period of not to exceed fifteen days * * * in making any of the said monthly payments * * *". In the event the buyer became delinquent in excess of the fifteen days' grace period, the seller had the option to declare the contract "null and void and of no effect, and in such case the Buyer agrees to forfeit all payments of whatsoever kind already made under this contract as rent on the said parcel and as liquidated damages to the Seller for the breach of this real estate contract. In case this contract is forfeited, then the Buyer agrees to vacate the said parcel peaceably and promptly upon demand of the Seller". Upon full payment of the purchase price, the seller was obligated to convey title to buyer by warranty deed.

Plaintiff's amended petition alleged, in substance, the execution of the contract; that from January, 1954, to the time of filing of the amended petition on October 21, 1954, defendant had failed and refused to pay the monthly installments, by reason of which the contract was "null and void, and that the defendant holds the said property as a tenant at will of the plaintiff"; that defendant owed plaintiff "as rent on the property after contract had become null and void, the sum of $95, to and including October 21, 1954". Prayer was for possession of the premises and $95 "back rent".

Defendant filed an answer and counterclaim. She admitted that plaintiff was legal title holder of the property; admitted the execution of the written contract; and that on June 1, 1954, she was six months delinquent in her payments thereunder. Although defendant here contends the purpose of the counterclaim is to specifically enforce an oral contract for the sale of real estate, the real object of the pleading is to establish by judicial decree the existence of an oral contract and the rights of the parties thereunder. The counterclaim alleges a modification of the written contract by parol agreement in April, 1954; that such contract was modified on two subsequent occasions. The final parol contract alleged to have been entered into in June, 1954, provided that the delinquent payments of defendant, in the amount of $60, were to be taken up by promissory note defendant was to give to plaintiff, and the balance of the purchase price plus the cost of certain improvements and repairs made by plaintiff was to be paid in equal monthly installments of $25.

According to the testimony of plaintiff's agent, O. E. Damron, payments under the contract were made to him. He stated that defendant had paid one-half of the January, 1954, installment, but subsequent to that time nothing was paid to Damron. He had sent defendant six notices of her delinquencies, two of which were returned, and in the last notice Damron informed defendant "the contract was null and void".

Plaintiff testified that in March or April, 1954, he received a notice from the city health officer to connect the property with the sewer system. He concluded that inasmuch as he was required to make the sewer connection, he would also build a "couple rooms on the east side". At that time defendant was in default, and plaintiff wanted possession. He emphatically denied that any repairs or improvements were made pursuant to an oral agreement. After plaintiff had expended over $2,600 "more on the place" in making the repairs and improvements, he did tell the defendant that if she would make a payment of $200, he would take a new contract under which the defendant could pay the balance of the original purchase price and the cost of the repairs and improvements in monthly installments of $25 each, but the $200 was not forthcoming. Plaintiff denied that he agreed to accept a note for $60 to take care of defendant's delinquent payments under the written contract, and denied that he agreed to accept $25 a month except on condition that the $200 cash payment be first made.

Defendant's version of the transaction was in accord with her pleaded claim. She stated that in March or April, 1954, the parties agreed orally that plaintiff would connect the dwelling with the sewer system, furnish all labor and materials to place a better foundation under the house, enlarge it to four rooms, install plumbing, and make certain repairs; that when completed a new contract would be executed to include the balance due under the oral contract, and cost of such improvements and repairs, and defendant would be required to pay to plaintiff $25 per month.

The third and final contract was to the effect that defendant agreed to accept a note from plaintiff for $60 due on the written contract to July, 1954, and the balance of the purchase price plus cost of improvements made by plaintiff was to be discharged in equal monthly payments of $25.

■ This being a nonjury case, we are required to review it upon both the law and the evidence. We have no right to set aside the judgment unless it is clearly erroneous, and we must accord due regard to the opportunity of the trial judge to judge as to the credibility of the witnesses. Section 510.310 RSMo 1949, V.A.M.S.; Scott v. Kempland, Mo.Sup., 264 S.W.2d 349; Fulton v. City of Lockwood, Mo.Sup., 269 S.W.2d 1; Kraft v. Armentrout, Mo.App., 275 S.W.2d 402.

■ A preliminary question of jurisdiction is raised by defendant's motion to transfer to the Supreme Court on the ground that title to real estate is involved, Constitution, art. V, § 3, V.A.M.S., in that defendant has filed a counterclaim for specific performance of a contract for the sale of realty. If defendant's counterclaim is to be so construed the Court of Appeals has no jurisdiction. Herzog v. Ross, Mo.App., 192 S.W.2d 23, appeal transferred 355 Mo. 406, 196 S.W.2d 268, 167 A.L.R. 407; Barnes v. Stone, 198 Mo. 471, 95 S.W. 915; State ex rel. Place v. Bland, 353 Mo. 639, 183 S.W.2d 878; Tant v. Gee, 236 Mo.App. 133, 146 S.W.2d 61, transferred 348 Mo. 633, 154 S.W.2d 745. Obviously defendant in this proceeding was seeking to judicially establish the existence and the terms of an oral installment contract for the purchase of the realty and to obtain a judicial declaration of the rights and obligations of the parties thereunder. An effort to obtain specific performance years prior to the time specified for execution of the deed would have been wholly premature. 81 C.J.S., Specific Performance, § 116, p. 650; Gilleland v. Welch, 199 Ga. 341, 34 S.E.2d 517. The fact that she prayed for "specific performance of the contract as amended" did not affect or change the real purpose of the counterclaim. Defendant asserted no title to the land itself, no right to a present conveyance of the land and no interest in the land as such. Neither the amended petition, answer, nor reply asked that the court determine title to real estate. Had defendant prevailed, plaintiff's title would not have been divested by the judgment. Plaintiff's title could be affected only by a subsequent proceeding, brought after the

final accrual of a right to the conveyance, and then only as an indirect and not as a direct result of an instant judgment and decree. See Pursley v. Pursley, Mo.Sup., 213 S.W.2d 291, appeal transferred, Mo.Sup., 215 S.W.2d 302; Weil v. Richardson, 320 Mo. 310, 7 S.W.2d 348, transferring cause to Court of Appeals, 224 Mo.App. 990, 24 S.W.2d 175. The judgment sought or rendered must affect or operate upon the title, i. e., determine title in some measure or degree adversely to one litigant, and in favor of another. Albi v. Reed, Mo.Sup., 281 S. W.2d 882. In the instant case the judgment (for possession of the land and for money) did not affect or operate upon the title, determine or directly involve title in any manner or degree adversely to or in favor of plaintiff or defendant. The Court of Appeals has jurisdiction and the motion to transfer must be overruled.

The substance of defendant's first three points is that no cause of action was pleaded or proved. More precisely, defendant states that the relationship of landlord and tenant did not exist, and consequently an action for rent and recovery could not be maintained; and that the proof was insufficient to warrant a recovery for the use and occupation of the property. Plaintiff answers by urging this is an action in ejectment for possession, and that under the facts in evidence, ejectment was the proper remedy; that when the contract was terminated by reason of defendant's default, an implied tenancy at will was created and was the basis for the judgment for rent in the amount of $80.

The principle is firmly established that where one goes into possession under a contract of purchase, and then makes default in the payment of the purchase price in accordance with the terms of the contract, he may be turned out by the vendor in an action in ejectment. De Bernardi v. McElroy, 110 Mo. 650, loc. cit. 657, and cases cited, 19 S.W. 626. The De Bernardi case has been cited with approval in Wright v. Lewis, 323 Mo. 404, 19 S.W.2d 287; Heller v. Jentzsch, 303 Mo. 440, 260 S.W. 979; and Waugh v. Williams, 342 Mo. 903, 119 S.W.2d 223.

We have concluded that the amended petition contained the elements essential to an ejectment action. The contract was made a part of the petition, which alleged the failure and refusal of the defendant to make the payments, and by reason of such failure the contract was null and void. By the plain terms of our ejectment statute, Section 524.010 RSMo 1949, V.A.M.S., an action for recovery of possession of premises may be maintained in all cases where plaintiff is legally entitled to possession. The requirements of the petition are simple. Section 524.060 RSMo 1949, V.A.M.S. An allegation that plaintiff was entitled to possession of the premises, and being so entitled the defendant entered into such premises and unlawfully withholds from plaintiff the possession thereof, suffices. Fitzpatrick v. Garver, 253 Mo. 189, 161 S.W. 714. The petition in the instant case is not a model for use in ejectment actions. "While it might possibly have been more elegantly framed, it seems to be a careful attempt to state that the defendant was withholding the possession of the premises from plaintiff * * *". Fitzpatrick v. Garver, supra, 253 Mo. 189, loc. cit. 194, 161 S.W. 714, loc. cit. 715. It is significant to note that the defendant failed to attack the sufficiency of the petition prior to or during the course of the trial. Indeed, during a pretrial conference, counsel for defendant moved to strike the amended petition, not on the ground that it did not state a claim upon which relief could be granted, but because it was filed out of time. While the failure to raise the question of the sufficiency of the petition to state a claim upon which relief can be granted in the trial court does not constitute a waiver of the question, Section 509.340 RSMo 1949, V.A.M.S.; Sup.Ct. Rule 323, 42 V.A.M.S., nevertheless when the sufficiency of the petition is first challenged on appeal, the pleadings should be construed with reasonable liberality to prevent entrapment, unless it wholly fails to state a

cause of action. Rogers v. Poteet (En banc), 355 Mo. 986, 199 S.W.2d 378, loc. cit. 385.

Likewise there is no merit in the assignment that the proof did not sustain the judgment for possession. The effect of defendant's position below was that plaintiff was entitled to possession unless she prevailed on her counterclaim. For reasons hereafter stated the court properly dismissed the counterclaim.

■ Although the petition and proof supported the judgment for possession, there was no evidentiary basis for the money judgment of $80 which the court found to be due "as rent". When plaintiff prevails in an ejectment action, he may recover damages for all waste and injury, and, by way of damages, the rent and profits to the time of assessing same under the limitations imposed by the statute authorizing such recovery. Section 524.110 RSMo 1949, V.A.M.S. And the prevailing party is entitled to nominal damages without other proof than his right to possession. Curd v. Reaban, Mo.Sup., 232 S.W.2d 389; Hahn v. Cotton, 136 Mo. 216, 37 S.W. 919. But if recovery for compensatory damages contemplated by the statute is sought, there must be evidence to support such recovery. Franklin v. Haynes, 119 Mo. 566, 25 S.W. 223; Hahn v. Cotton, supra; Curd v. Reaban, supra. The record is void of evidence as to the damages, if any, sustained by plaintiff, or the rental value of the property. However, the record does not affirmatively disclose that there is no evidence available to plaintiff on the question of damages, and as to that issue only the cause should be remanded for further proceedings.

■ Defendant's final point is focused upon the failure of the court to declare that the written contract had been modified by the subsequent oral agreement. While it is well settled that a written contract concerning the purchase of realty may be modified by subsequent parol agreement based on a valuable consideration, Thompson on Real Property, Vol. 8, Sec. 4588, p. 550; 91 C.J.S., Vendor and Purchaser, § 114, p. 1040; Norris v. Letchworth, 140 Mo.App. 19, loc. cit. 25, 124 S.W. 559; Tighe v. Locke, Mo.App., 299 S.W. 105; McClure v. Wilson, 238 Mo.App. 824, 185 S.W.2d 878, 879, the terms of the contract must be clearly and definitely established. 91 C.J.S., Vendor and Purchaser, § 114, p. 1040; Crancer v. Lareau, 8 Cir., 1 F.2d 117. Defendant's claim must fail for want of certainty. There was no proof as to maturity date of the $60 promissory note, neither do we know the interest rate, if any, the note was to bear; no proof as to the principal amount of the modified contract. It is true that defendant stated she was to pay the balance due on written contract plus the amount expended by plaintiff for improvements. But the testimony as to the latter item is entirely too indefinite. Plaintiff stated he had paid out more than $2,600, but how much more we know not. Further elaboration on the testimony relied upon would only emphasize the lack of clarity and definiteness. Obviously the proof does not meet the test and the counterclaim was properly dismissed.

The judgment is reversed and the cause is remanded in order that plaintiff may, if so advised, amend the petition for purpose of seeking damages contemplated by Section 524.110 RSMo 1949, V.A.M.S., and for a new trial solely on that issue. The judgment for possession and dismissing defendant's counterclaim should be held in abeyance until the damage issue has been tried or disposed of otherwise, after which final judgment should be entered for plaintiff for possession of the property and dismissing defendant's counterclaim and in accordance with the disposition of the damage question by trial or otherwise. It is so ordered.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.