F. H. HESSE, Appellant, v. IMPERIAL ELECTRIC LIGHT, HEAT AND POWER COMPANY et al., Respondents.

Springfield Court of Appeals, June 6, 1910.

1. PRACTICE: Nominal Damages: Failure to Allow Not Reversible Error: Costs. Where, under plaintiff's petition, he was entitled to nominal damages only, it is not reversible error for the court to sustain a motion for judgment on the pleadings in favor of the defendant. This ruling is on the ground that even if the action of the trial court was error, it was not a material one affecting any substantial rights of the plaintiff; that in this case plaintiff would have been justly held to pay the costs, under section 1553, R. S. 1899, which result was as well accomplished by dismissing the suit at plaintiff's cost as by sustaining a motion to retax costs.

2. ———: ———: ———: ———: Demurrer to Petition: .Denial of Substantial Right. Where plaintiff is entitled to nominal damages only, under his petition, and his case is not one over which the circuit court has exclusive jurisdiction, but is one in which, under section 1553, Revised Statutes 1899, the circuit court would be justified in taxing all the costs against the plaintiff, then the error of the circuit court· in sustaining a demurrer to the petition is not a reversible error, for no substantial right of the plaintiff has been denied. This case is distinguished from actions on official bonds which are cognizable only in circuit courts and in which a judgment for nominal damages carries the costs. In the latter case, the judgment for nominal damages is a substantial right.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

*Morton Jourdan* and *E. N. Robinson* for appellant.

The petition in this case states a cause of action and the court was in error when it held the petition bad and sustained the defendant's motion for judgment on the pleadings. Fulkerson v. Eads, 19 Mo. App. 620; Dulaney v. Sugar Ref. Co., 42 Mo. App. 659; Middleton v. Moore, 36 Mo. App. 627; Fidelity Co. v. Colvin & Jackson, 83 Mo. App. 204.

*John H. Drabelle* for respondents.

If the averments of a petition are such as to authorize a recovery of nominal damages and no more, and do not in any way involve the establishment or vindication of any substantial right, it is not prejudicial error to sustain a demurrer to said petition. R. S. 1899, sec. 865; Reid v. Johnson, 132 Ind. 416; Knowles v. Steel, 39 Minn. 452; Roberts v. Machine Co., 8 S. D. 579. (2) It was not prejudicial error for the lower court to sustain the motion for judgment on the pleadings, because a suit for nominal damages alone is not within the jurisdiction of the circuit court of the city of St. Louis. R. S. 1899, sec. 1674; King v. Watson, 2 Tex. App. 285; Patterson v. Spaulding, 5 La. Ann. 171.

NIXON, P. J.—This was a suit for damages originating in the circuit court for the city of St. Louis on February 14, 1901. On May 5, 1905, plaintiff filed a fifth amended petition charging a breach of an alleged contract by defendant, Imperial Electric Light, Heat & Power Company, to furnish plaintiff with electric light and power service, the alleged breach consisting of a

refusal of said defendant to furnish said service. The
Union Electric Light & Power Company is joined as
a defendant because of an alleged consolidation with its
co-defendant subsequent to the filing of the action
whereby the Union Electric Light & Power Company is
alleged to have assumed all the debts and liabilities of
the Imperial Electric Light, Heat & Power Company.
Said petition, after stating the execution of the con-
tract and the alleged refusal of defendant to perform
the same, set forth the alleged damages plaintiff suf-
fered because of the refusal of the defendant to furnish
said service, pleading such damages, not generally, but
specially, and set forth each item thereof separately
and minutely, and concluded with a prayer for judg-
ment for the total of such damages in this language:
"Wherefore, plaintiff prays judgment for the sum of
$418.23 with interest from August 25, 1902, against both
defendants, and for costs."

On motion interposed by defendants, the court
struck out of the petition all that part containing the
statement of the special damages alleged to have been
suffered. This ruling left the petition charging or al-
leging no amount as plaintiff's *damages,* but simply
praying judgment for $418.23 after a recital of the ex-
ecution of the contract and the breach thereof. This
being the condition of the petition, the same not having
been amended after the ruling of the court below strik-
ing out every item of damages, the defendants filed a
motion for judgment on the pleadings, the specification
for cause of said motion being that, "It appears from
the record in this case that each and every element, item
and claim of damages alleged in the fifth amended pe-
tition filed herein to have been sustained by plaintiff
because of the alleged breach of the contract sued on,
have been stricken out of said petition by the court upon
motion of defendants, and that by reason thereof there
is no issue for determination in this case."

This motion was by the court sustained and plaintiff has appealed. The only ground relied on for a reversal is that the petition, even after the court had stricken out the paragraph containing the statement of the special damages alleged to have been suffered, sufficiently stated a cause of action for nominal damages, and that therefore the ruling of the trial court was erroneous.

On the other hand, it is contended by respondents that even if the averments of a petition are such as to authorize a recovery of nominal damages and no more, and do not in any way involve the establishment or vindication of any *substantial* right, it is not prejudicial error to sustain a demurrer to such petition; and, in support of this contention, respondents cite section 865, Revised Statutes 1899, providing that judgments shall not be reversed unless the appellate court shall believe that the trial court committed errors materially affecting the merits of the action.

We have found no case in our own reports which bears directly on the question before us, but the case of Reid v. Johnson, 132 Ind. 416, 31 N. E. 1107, is very clearly in point. There, as here, the petition concluded with a prayer for five hundred dollars damages. The appellate court held that the action of the trial court in sustaining a demurrer to the petition was not reversible error (although nominal damages could, of course, be recovered) because the error of the trial court was not *a material one affecting the merits or any substantial rights of the appellant.* The court in that case say: "No special damages are averred. It does not appear wherein, in what manner, or to what extent the appellant was injured, either in his character or in his standing as a contractor. There is no averment that he was damaged in any sum. The prayer for a judgment for five hundred dollars cannot supply the place of such an averment. It is not a case where the damages can be computed, or in any way ascertained, from the facts

pleaded.   Whether damages are recoverable at all for
a breach of such a contract we need not decide.   Assum-
ing that damages are recoverable, and that the para-
graph in question is sufficient for the recovery of nom-
inal damages, the error in sustaining the demurrer to
it will not justify a reversal.   A wrong ruling is only
available as error when it does harm in a material de-
gree to the substantial rights of the complaining party.
[Elliott, App. Proc., sec. 36.]   When the averments of
a pleading are such as to authorize the recovery of
nominal damages, and no more, and do not in any way
involve the establishment or vindication of any sub-
stantial right, it is not available error to sustain a de-
murrer to it."

The case of State to the Use, etc., v. Rayburn, 22
Mo. App. 303, was an action for damages on a sheriff's
official bond for releasing goods levied under an attach-
ment.   It was held that the plaintiff was entitled to at
least nominal damages, and that therefore the judgment
in favor of the sheriff in the circuit court should be
reversed.   The court say: "In jurisdictions where nom-
inal damages do not carry costs, the courts have refused
to reverse judgments in order to allow the plaintiffs to
recover such damages; but as, under our system of pro-
cedure, nominal damages carry costs, the right to re-
cover nominal damages is a substantial right which
entitled the plaintiff to a reversal of the judgment if
errors prejudicial to him were committed in the course
of the trial."   This is also recognized in the late case of
State ex rel. v. Dickmann, 146 Mo. App. 396, 124 S. W.
l. c. 31.   The actions in these cases were on official bonds
of which the circuit court alone had jurisdiction and
upon which nominal damages were recoverable for tech-
nical breaches of official duty.   The plaintiff in this
case, upon motion under section 1553, Revised Statutes
1899, would have been justly held to pay the costs,
which result was as well accomplished by dismissing
the suit at plaintiff's costs as by sustaining a motion

to retax costs.    We therefore hold that the error of the trial court, if one at all, was not a material one affecting any *substantial* right of the appellant.    The judgment is accordingly affirmed.    All concur.