F. H. HESSE, Appellant, v. IMPERIAL ELECTRIC LIGHT, HEAT & POWER CO. et al., Respondents.

St. Louis Court of Appeals, November 7, 1911.

DAMAGES: General Damages: Contracts: Action for Breach: Pleading. The damages naturally flowing from the breach of a contract are general in character, and are recoverable under a general allegation of damages in the petition followed by a prayer for a stated amount.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED AND REMANDED.

*Morton Jourdan* and *E. M. Robinson* for appellant.

*John H. Drabelle* for respondents.

NORTONI, J.—The appeal in this case was prosecuted to this court, but it was transferred to the Springfield Court of Appeals under the provisions of an act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see also Sec. 3939, R. S. 1909.] Afterwards, the Springfield Court of Appeals disposed of the case through an opinion prepared and filed in that court, which may be found reported under the title of Hesse v. Imperial Electric Light, Heat & Power Co. et al., 144 Mo. App. 549, 129 S. W. 49. Subsequently, the Supreme Court declared the legislative act, which purported to authorize the transfer of cases from one court of appeals to another for hearing and determination, to be unconstitutional, as will appear by reference to the cases of State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336; State ex rel. Dressed Beef, etc., Co. v. Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Malley v. Nixon, 233 Mo. 345, 138 S. W. 342. Because of such ruling of the Supreme Court, the case was thereafter transferred by the Springfield Court of Appeals to this court on the theory that the jurisdiction of the appeal continued to reside here and the proceedings had in the Springfield Court with reference thereto were *coram non judice.*

The case has been argued and submitted here and, upon due consideration, we find ourselves unable to concur in the view expressed by the Springfield Court in the opinion above referred to.

The suit is one for damages arising from the alleged breach of a contract whereby defendant undertook to furnish plaintiff with electric power at a stip-

ulated price. After the court had, on motion, stricken from the petition certain averments of special damage and plaintiff had omitted to amend, it sustained a second motion for judgment on the pleadings, which motion, it seems, performed the office of a demurrer, and declared by its judgment that plaintiff was not entitled to recover on the facts stated, for the reason no precise amount of damage was alleged. The fifth amended petition as filed charged a breach of an alleged contract by defendant, Imperial Electric Light, Heat & Power Company, to furnish plaintiff with electric light and power service, the alleged breach consisting of a refusal of defendant to furnish the service stipulated for. The Union Electric Light & Power Company is joined as defendant because of an alleged consolidation with its co-defendant, subsequent to the filing of the action, whereby the Union Electric Light & Power Company is alleged to have assumed all the debts and liabilities of the Imperial Electric Light, Heat & Power Company. After alleging the execution of the contract and the refusal of defendant to perform it, the petition set forth, specially, certain damages plaintiff suffered because of the refusal of defendant to furnish the service. The special damages so set forth were itemized therein and amounted to the sum total of $418.23. On motion interposed by defendant, the court struck out of the petition all of that portion containing the statement of the special damages alleged to have been suffered. This ruling left the petition charging or alleging no particular amount as plaintiff's damages, but it concluded with a prayer for judgment for $418.23, after recital of the execution of the contract and the breach thereof. Plaintiff did not see fit to amend the petition after the motion was sustained striking out his averments with respect to the special damages mentioned, and defendant filed a motion for judgment on the pleadings, which

goes to the effect that plaintiff was not entitled to recover as the petition then stood, for the reason it contained no prayer for damages in any amount. The Springfield Court affirmed the judgment of the circuit court, sustaining this motion, on the ground that at most plaintiff was entitled to recover nominal damages only on the petition as it then stood; for, it is said, he prayed damages in his petition in no amount whatever. We do not concur in this view, for the reason it appears the petition contains a sufficient allegation of general damages. Even after eliminating from the petition, as we must, all of that portion stricken out by the court as pertaining to special damages, the petition contains a direct and positive averment that plaintiff has suffered much damage directly resulting from the breach of contract. Eliminating therefrom the portion pertaining to special damages, which was stricken out by the court, there remains the following paragraph, with which the petition concludes:

"Plaintiff states that by reason of the failure of defendant to comply with the provisions of said contract and to furnish said light and power at the prices therein agreed *he has suffered much damage directly resulting therefrom.*

. . . . . .

"Wherefore plaintiff prays judgment for the sum of $418.23 with interest from August 25, 1902, against both defendants and for costs."

It therefore appears that, besides the prayer for $418.23, the petition contains a direct averment of damages accrued on account of the breach of the contract.

We do not understand a petition to be insufficient to authorize a recovery of substantial damage for a breach of contract for the mere failure to allege the damage in a particular amount, if it contains, as this one does, an allegation of damages on account of the breach. No one can doubt that for a breach of a con-

tract the defendant is liable to respond for such damages as naturally flow from his wrong. Such damages are general in character and it is the rule, generally speaking, that the defendant is presumed to know the damages which necessarily result from his own act. [5 End. Pl. & Pr. 717; Brown v. Hannibal & St. J. R. R. Co., 99 Mo. 310, 12 S. W. 655.] Because defendant is presumed to know such damages as naturally flow from the breach of the contract, special pleading with respect thereto is not required, but a general allegation of damage will suffice. In other words, as said by the Supreme Court in Moore v. Mountcastle, 72 Mo. 605, 608, the rules of pleading do not require such damages to be stated with any great particularity in a petition. 5 Enc. Pl. & Pr. 739 thus states the rule: "The damages to be recovered upon an alleged breach of contract need not be averred, where they are the necessary result of the breach complained of, but a full recovery may be had under the general allegation of damages in the complaint." Speaking generally with respect to such damages as naturally flow from the breach or necessarily result from the wrongful act complained of, the same authority says: "A general allegation of damage, with a prayer for a stated amount, is sufficient to authorize the recovery of all damages that necessarily result from the act complained of." [5 Enc. Pl. & Pr. 731.] In the petition before us, there is a direct averment of damage to plaintiff because of defendant's breach of the contract, and the only complaint as to the sufficiency of this averment is that it does not specify the amount of such damage. As general damages which naturally flow from the breach of a contract, or those which necessarily result from the wrong complained of, are presumed to be known by defendant because of the wrong he has committed, we are at a loss to ascertain any sound principle which would require their amount to

be stated otherwise than in the final prayer as here. The law presumes the defendant is fully advised.

Moreover, it is said: "The controlling claim for damage is contained in the prayer for judgment, and will obviate the necessity of stating the amount elsewhere in the complaint." [5 Enc. Pl. & Pr. 710. See also Riser v. Walton, 78 Calif. 490.] Next succeeding the general averment of damages without the specification of the amount of loss suffered, the petition concludes with a prayer for damages in the sum of $418.23. This we deem sufficient to entitle plaintiff to recover more than nominal damages if his proof sustains it, for, as said, defendant "is presumed to know the damages which necessarily result from his own acts, and consequently he cannot be taken by surprise when evidence of such resulting damage is admitted and shown under the *ad damnum* or general allegation of damage." [5 Enc. Pl. & Pr. 717, 718.] Furthermore, as above said, the rule is stated on high authority to be, that "The controlling claim for damage is contained in the prayer for judgment, and will obviate the necessity of stating the amount elsewhere in the complaint." [5 Enc. Pl. & Pr. 710.]

The case of Reid v. Johnson, 132 Ind. 416, may be discriminated, in that, though the case in judgment there was one of a breach of contract, the contract seemed to be a special one in which the adverse party had stipulated that he would not file a notice and lien which "would affect the standing and credit of defendant Reid as a contractor." A breach of this contract was alleged, but it was not averred how the credit of defendant Reid as a contractor was affected thereby. The pleading there revealed affirmatively on its face that the only damages, other than nominal, which were recoverable at all, were special or consequential. The pleading itself repels the idea that any general damages, other than nominal, were recoverable for a breach of the contract, and the court declared that, as no

special damages were pleaded disclosing how the filing of the notice and the lien which operated to breach the contract affected the standing of Reid as a contractor, nothing more than nominal damages were recoverable. The case in judgment here is distinguishable from that, in that nothing in the petition before us reveals that plaintiff was entitled to recover only nominal damages in any event; on the contrary, from the facts stated, it would seem a substantial right of recovery exists.

For the reasons above given, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.