J. H. HARRISON, Respondent, v. H. P. COLEMAN et al., Appellants.

St. Louis Court of Appeals, March 1, 1913.

1. **LANDLORD AND TENANT: Breach of Covenant: Measure of Damages.** Where an eviction of a lessee is occasioned through the fault of the lessor, the measure of damages to the lessee for the breach of a covenant for quiet enjoyment is the value of the unexpired term, less the rent reserved.

2. **DAMAGES: Breach of Contract: General Damages: Pleading.** In a suit for damages for breach of a contract, plaintiff may recover, under a general allegation and without special pleading, such damages as naturally arise from the breach.

3. **LANDLORD AND TENANT: Breach of Covenant: General Damages: Pleading.** In an action by a lessee for breach of a

covenant for quiet enjoyment, damages to the amount of the value of the unexpired term, less the rent reserved, may be recovered under a general allegation of damages, inasmuch as this is the natural result of the breach and hence is an element of general damages.

4. **DAMAGES: Special Damages: Waiver: Trial Practice.** By not objecting to the introduction of evidence of special damages not pleaded, the defendant waives his right to complain of the action of the court in submitting it for consideration; the court being authorized by Sec. 1847, R. S. 1909, in case of an immaterial variance, to order an immediate amendment, or to direct the facts to be found according to the evidence.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Brewer & Riley* for appellants.

The only damage alleged by the respondent in his petition is for the rents and profits and costs recovered by John A. Hope against him in the ejectment suit and expense respondent was put to in moving and being out of the possession of the premises too late to obtain other lands to cultivate for the year 1910, yet there was not a scintilla of evidence going to show at what expense he was put in moving and any damages resulting by reason of not obtaining any other land to make a crop for the year 1910. When there is a failure of proof of a material averment in the petition, there can be no recovery. Rutledge v. Railroad, 110 Mo. 312. Plaintiff cannot recover on a cause of action not stated in the petition. Cole v. Amour, 154 Mo. 333; Michael v. Kennedy, 148 S. W. 983.

*Shepard, Reeves & McKay* for respondent.

It is a well-settled principal of law, that a petition is good after verdict in many instances where it would be held bad on demurrer or motion; for, after verdict the rule is, that if a matter material to plaintiff's cause of action be not expressly averred in the peti-

tion but the same be necessarily implied from what is expressly stated therein, the defect is cured by verdict. Hurst v. Ash Grove, 96 Mo. 168; Moellman v. Gieze-Henselmeier Lbr. Co., 134 Mo. App. 485; Munchow v. Munchow, 96 Mo. App. 553; Thomason v. Mut. Ins. Co., 217 Mo. 497; Whitewater Merc. Co. v. Devore, 130 Mo. App. 339; Mason v. Deitering, 132 Mo. App. 26; Goode v. Coal & Coke Co., 151 S. W. 508.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the breach of the covenant for quiet enjoyment in a lease. Plaintiff recovered and defendant prosecutes the appeal.

It appears that, by a written indenture of lease, plaintiff leased from defendant thirty-five acres of timber land for the term of four years from and after the first day of January, 1909. By the terms of the lease and as a consideration for the demise to him, plaintiff agreed to cut and remove the timber from the lands described in the lease and to break the ground for which he was to receive all of the crops that he might raise thereon. It appears that plaintiff cleared between twenty-five and thirty acres of the land during the first year of the term—that is, 1909—and in May, 1910 had a crop out on a considerable portion of the ground cleared. However, John A. Hope, the true owner of the land, instituted a suit in ejectment against plaintiff and evicted him by process of law from the possession of the premises during the month of May, 1910. In this suit in ejectment, Mr. Hope recovered, besides the possession of the premises, a judgment of two hundred dollars against plaintiff as for rents and profits. Having been thus evicted under a judgment in ejectment establishing a title in Hope paramount to that of defendant, under whom plaintiff held by the lease, he instituted this suit against defendant for damages accrued through defendant's

breach of the covenant for quiet enjoyment. Plaintiff recovered in the amount of $644, and there is no controversy here about so much of this recovery as was allowed to compensate him for the rents and profits adjudged against him in the ejectment suit—that is, the amount of two hundred dollars.

But, it is said, that portion of the recovery which was allowed on the theory of compensation for the use of the premises during the years 1910, 1911 and 1912 is unauthorized for the reason damages therefor are not claimed in the petition. There can be no doubt that, on a breach of the covenant for quiet enjoyment in a lease, where an eviction is occasioned through the fault of the lessor, the measure of damages which may be allowed to the lessee is the value of the unexpired term, less the rent reserved. [1 McAdam, Landlord and Tenant (4 Ed.), pp. 436, 831; Mack v. Patchin, 42 N. Y. 167.] By the lease defendant demised to plaintiff thirty-five acres of land, and of this plaintiff had cleared and prepared for the plough between twenty-five and thirty acres. The larger portion of that cleared had actually been broken and was in crop at the time of the eviction. As and for rent reserved for the full term of four years, plaintiff was to clear and break the land. It therefore appears that the rent reserved was nearly all paid for the full term at the time of the eviction, and no one can doubt that plaintiff was entitled to recover the reasonable rental value of the lands for the remainder of the term, less the value of the additional work about clearing and breaking the same to be performed on his part. The petition lays no claim in plain words for the value of the unexpired term—that is to say, for the reasonable rental value of the lands during the years for 1910, 1911, 1912—and, because of this, it is argued damages on that score should not have been allowed thereunder. The petition sets forth all of the facts pertaining to the matter, as is required by the Code, avers the breach, and

prays a recovery therefor in the sum of $1500. Obviously this is sufficient, for the reason that damages for loss of the use of the premises during the years 1910, 1911, 1912 were general in character, and it is not necessary to specially plead them. In suits for damages on a breach of contract, as is this one, one may recover under the general allegations, and without special pleading, such damages as naturally arise and generally flow from such a breach, for it cannot be said of such damages that they were not in contemplation of the lessor at the time the lease was made. [Hesse v. Imperial Light & Power Co., 160 Mo. App. 431, 140 S. W. 911; see Cohn v. Norton, 57 Conn. 480.] It was not necessary for plaintiff to minutely specify the amount he desired to recover for damages accruing on account of the breach for the loss of the use of the premises during the years 1910, 1911, 1912. [See Sedgwick on Damages (9 Ed.), sec. 1266.]

But, aside from this, the point now made against the sufficiency of the petition is unavailing, even if such damages were special in character, for the reason the evidence touching the matter was all admitted without objection or exception from defendant. Plaintiff introduced evidence tending to prove that the reasonable rental value of the premises for the unexpired term, less the work that he should do, was far in excess of the value of that allowed by the jury. There was no objection or exception interposed by defendant to this evidence, and in such circumstances, even if it tended to prove special damages not specified in the petition, it was competent for the court to treat with it as presenting no more than an immaterial variance. By the provisions of the statute (Sec. 1847, R. S. 1909), it is declared that when the variance between the allegation and proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without

costs. As such evidence was competent for consideration by the jury on the question of damages, though relating to an item not specially pleaded, defendant, by omitting to object to its being received, waived his right to complain of the action of the court in submitting it for consideration in the instructions. [Mellor v. Mo. Pac. R. Co., 105 Mo. 455, 470, 471, 16 S. W. 849; Chamlee v. Planters Hotel Co., 155 Mo. App. 144; 134 S. W. 123; Litton v. C. B. & Q. R. Co., 111 Mo. App. 140, 85 S. W. 978.]

However, the damages awarded plaintiff for the reasonable value of the rental of the premises for the remainder of the term after eviction, less the value of his work to be performed as for rent reserved, all of which was in evidence before the jury, were general in character and recoverable without being separately stated, as is the case in pleading special damages. [Sedgwick on Damages (9 Ed.), sec. 1266.] The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.