232 S.W.2d 389 (1950)
CURD et ux.
v.
REABAN et al.
No. 41672.
Supreme Court of Missouri, Division No. 2.
July 10, 1950.
Motion for Rehearing or to Transfer to Overruled September 11, 1950.
Hall & Reaban, Dale Reaban, and Roy H. Bergmann, all of St. Louis, for appellants.
*390 Jackson F. Adams, St. Louis, for respondents-appellants Logan W. Curd and others.
Motion of Defendants-Appellants for Rehearing or to Transfer to Court en Banc Overruled September 11, 1950.
BARRETT, Commissioner.
This action in two counts was instituted on the 23rd day of June 1947. The purpose of the first count is to quiet the title to a part of a lot in Westmoor Park Subdivision No. 2 in St. Louis County and the second count is in ejectment. The controversy arose in these facts: Logan W. and Gladys V. Curd purchased Lot 23 in Block 12 of the subdivision in May 1946 for $3,600. Fred W. E. and Myrtle E. Best purchased Lot 24 in 1937 and built a house and garage and a concrete driveway on the lot. On March 18, 1938 they sold the property to John E. and Ethel J. Reaban. In April 1947 Mr. Curd had his property surveyed and it was discovered, for the first time, that the garage and driveway encroached on his lot. At the widest point the garage encroaches two feet eight and three-eighths inches and at its narrowest point one foot one and one-half inches. The lots are irregularly shaped and the concrete driveway encroaches Lot 23 from zero to two feet nine and one-eighth inches at the widest point. When the survey revealed the encroachments the Curds instituted this action. The Bests and the Reabans claim title by adverse possession. The two counts were separately tried, the first count to quiet title in September 1948 and the second count in ejectment in February 1949. The trial court found for the Curds on both counts but failed to make an award of damages. The Reabans and the Bests appeal from the judgments against them and the Curds likewise appeal assigning as error the failure of the trial court to make them an award of damages.
Upon the Bests' and the Reabans' appeal the principal error briefed and argued is that the Curds' petition and the judgments entered upon it are void because they fail to sufficiently describe the encroachment. It is said that the petition as to the first count to quiet title failed to set out or describe the encroachment and that the plaintiffs' principal witness could not describe it and, therefore, the petition failed to state a cause of action and the judgment entered upon that count of the petition is void. The petition described the Curds' property as Lot 23 and the defendants' property as Lot 24. It alleged that "the property of the plaintiffs forms the western boundary line of the property of defendants." The petition described the improvements erected by the Bests on Lot 24 and alleged that "in erecting their driveway and garage they encroached upon the above described property of plaintiffs to the extent of three (3) feet, more or less, as more definitely described in plat hereto attached and made a part of this petition * * *." The pleaded plat, made by a qualified engineersurveyor, was introduced in evidence upon the trial of count one. The plat accurately measures and describes the boundaries of the Curds' lot and the encroachment of the garage and the driveway but it is not a metes and bounds description of the encroaching areas. In short it is not such a description as would be employed in a conveyance.
It was not a description, however, comparable to the one involved in Bricken v. Cross, 140 Mo. 166, 41 S.W. 735, 736, an ejectment suit. There the land sued for was not only incorrectly described, the given courses, the court said, constituted an impossibilitythat is the description did not circumscribe an area of land, and so the petition failed to state a cause of action. As to the judgment the court said: "While it may be that from the description of the land in the judgment an officer charged with the execution of a writ of possession might be able to put plaintiff in possession of the land therein described, certain it is that it cannot be platted as thus described because in so doing it must have for its base the description given in the petition, which is no foundation at all." Likewise the description here is not comparable to the attempted description of the abandoned railroad right of way in Broderick v. Tyer, 239 Mo.App. 118, 187 S.W.2d 476, 478. There the court pointed out the deficiencies in the description as set forth in the petition and added, "There is no evidence that the abandoned lands now have any defined boundaries, such as fences, or that *391 there is present any markers, or physical characteristics, by which they might be located." So too the case is not comparable to Tillman v. Hutcherson, 348 Mo. 473,154 S.W.2d 104, 110, a suit to quiet title in which the dispute was as to the boundary line. There the court said: "Since the location of the east boundary line of the SE¼ of the quarter section was questioned and not proven; and this description did not locate the new fence and the old fence with reference to each other, or to any Government survey or natural monuments, the judgment was too vague to locate the land in dispute. If the old fence was not removed after the new one was built, one could go on the ground and find it. But even so, if it is not tied in with recognized monuments, the rights of the parties will still rest partly in parol; and unless the land in dispute can be located from the written description in the judgment, the law suit has been in vain and settles nothing except that respondent is entitled to the land wherever it is. It is universally held that judgments should describe with reasonable certainty the land adjudicated therein, both in ejectment and actions to determine title. If there is any difference, it seems the land description should be more definite in the latter, since we are coming to regard ejectment as a possessory action only."
Here, as we have indicated, the plat accurately measures the Curds' property and the encroachments. In addition, when the engineer-surveyor testified he said: "A metes and bounds description can be made from the data that is on here." He said that, up to that point, he had not given the court a metes and bounds description "but I gave him sufficient data from which one could be written." At the conclusion of the trial on the first count the court's judgment found "that plaintiffs are entitled to a decree as prayed on Count One of the petition declaring plaintiffs are fully invested in the following described property to-wit: Lot 23, in Block 12 of Westmoor Park, Subdivision No. 2, a subdivision in the County of St. Louis free and clear of any claims of defendants but judgment and decree is hereby reserved and withheld until all issues between the parties on Count Two have been tried and judgment and decree determined." Before the cause was tried on count two the Curds amended their petition by interlineation and included a precisely accurate description of the encroachments and when the engineer-surveyor testified upon the trial of that count he stated that he had made the new description from the plat filed and used in connection with count one. In the court's decree on count two that description was set forth in the decree. In addition, when the court ruled on the motion for a new trial the court filed a memorandum which said: "The Judgment and Decree should contain the description of the property and an order for the issuance of a writ of possession, and the said decree should be prepared for the record by the plaintiff." Whereupon the decree was amended containing the admittedly accurate description. Now, however, the Reabans and the Bests contend that the court had already rendered judgment on count one, six months previously, and could not use the testimony admitted on count two. But we need not decide this question. The point to it all is that the admittedly accurate description was taken from the plat and if the plat and its measurements were sufficiently accurate that a precisely accurate description could be and was made from it, it was certainly sufficient against a motion to dismiss for failure to state a cause of action and the judgment on the first count was not void. Hartvedt v. Harpst, Mo.Sup., 173 S.W.2d 65; Wilkinson v. Lieberman, 327 Mo. 420, 428, 37 S.W.2d 533, 536. In addition, in the circumstances of this case, a precisely accurate description of the encroachments could have been ordered either by the trial court or by this court on appeal. Hecker v. Bleish, 319 Mo. 149, 3 S.W.2d 1008, 1020; Point Prairie Hunting & Fishing Club v. Schmidt, Mo.Sup., 44 S.W.2d 73.
The Bests and the Reabans also claim as to both counts that the court erred in ruling that they had not acquired title by adverse possession. As to count two they contend that the statute of limitations ran until the petition was amended by interlineation *392 that it did not state a cause of action until it correctly described the area of the encroachments. They contend that the "uncontradicted testimony" shows that the Bests purchased Lot 24 on March 25, 1937 "for the purpose of erecting a building and on the following day arranged for a temporary construction loan and started to work within a week or ten days." They contend that the improvements were completed by October or November 1937 and from that time forward they and the Reabans have occupied and used the encroachments so as to acquire title by adverse possession prior to the institution of this action in June 1947. They contend that they have met all the requirements as set forth in State ex rel. Edie v. Sham, 348 Mo. 119, 152 S.W.2d 174. It may be conceded that their evidence tended to support their claim of adverse possession but their evidence was not uncontradicted in the sense that but one conclusion could be drawn from it. Eatherton v. Henderson, Mo.Sup., 59 S.W.2d 623. This is an action at law, tried before the court and while it must be reviewed upon both the law and the evidence as in suits of an equitable nature, Mo.R.S.A., § 847.114(d), "The judgment will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Hart v. T. L. Wright Lumber Co., 355 Mo. 397, 402, 196 S.W.2d 272, 275. The Bests had no records to substantiate their claim that they started their improvements on any particular date prior to the 23rd day of June 1937. He testified that he purchased the lot on March 25, 1937 and that he started the improvements, excavating for the basement and making a fill for the driveway, within a week or ten days "around the first of April or shortly after." His father had borrowed $1,200 from a bank on March 26, 1937 and he said that that money was used in building the improvements. But as we have said, he had no records corroborative of his oral testimony as to when construction began, particularly as to when the fill for the garage and driveway was made. The permit for the construction of the improvements was turned in by the building inspector on January 10, 1938, although Mr. Best says that he could have obtained the permit after ninety-nine per cent completion. The plumbing inspector's permit was dated August 31, 1937 and the electrical inspector's permit was issued in October 1937 and a water connection was made to the premises on September 1, 1937. The trial court specifically found against the Reabans and the Bests on this issue and it is evident from the court's decree that that finding is based upon the court's belief that the improvements were not started until later than June 23rd or 27th, 1937 and that finding is of necessity based upon the court's views of the credibility of the evidence and we defer to that finding. Hart v. T. L. Wright Lumber Co., supra.
The Curds insist upon their appeal that the court erred in refusing to award them damages. Mo.R.S.A. §§ 1544, 1558. In the court's memorandum, on this issue, the court stated that the true measure of damages was the value of the strip covered by the encroachment, that "There is insufficient evidence to support any judgment for a substantial amount of damages, and while the Court should have rendered a verdict for nominal damages, it's failure to do so, I don't believe invalidates the judgment." As the court found, there was no evidence entitling the Curds to substantial, or, more accurately perhaps, to the compensatory damages contemplated by the statute. Franklin v. Haynes, 119 Mo. 566, 25 S.W. 223. It is true that the prevailing party in an ejectment suit is entitled to nominal damages without other proof than his right to possession. Hahn v."Cotton, 136 Mo. 216, 37 S.W. 919; 28 C.J.S., Ejectment, § 148, p. 1038. And in this jurisdiction a judgment for nominal damages is a substantial right since such a judgment decides the incidence of the costs (State, to Use of Goddard, v. Rayburn, 22 Mo.App. 303) and for that reason may compel a reversal of a judgment which does not award nominal damages. But in this case the court assessed the costs against the defendants and no substantial rights of the plaintiffs were violated. Hesse v. Imperial Electric Light, Heat & Power Co., 144 Mo.App. 549, 129 S.W. 49.
*393 Upon review of the entire record the judgment of the trial court is not clearly erroneous in any material respect and the judgment is therefore affirmed.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.