EDDIE H. KIMBERLIN v. SAMUEL ROBERTS, Appellant.—107 S. W. (2d) 24.

Division One, June 30, 1937.

Varro E. Tyler and Clayton W. Allen for appellant.

268

*W. L. Mulvania* and *A. H. Harvey* for respondent.

BRADLEY, C.—Plaintiff, respondent here, filed petition in two counts to determine interest in and quiet title to (under Sec. 1520, R. S. 1929, Mo. Stat. Ann., sec. 1520, p. 1682) the lands described, and in ejectment. Defendant, by his answer, claimed to be "the owner in fee simple of all the lands described" in plaintiff's petition, and denied that plaintiff had any interest in said lands. The reply was a general denial. The cause was submitted to a jury, and the verdict was for plaintiff. Failing to get new trial on motion, defendant appealed. No bill of exceptions was filed, and there is nothing here, except the record proper, and there is no complaint on any part of the record proper, except the verdict and the judgment.

It is the contention of defendant that the verdict is not sufficient to support a valid judgment, and that the judgment is therefore void. The verdict is as follows: "We the jury find for the plaintiff, and that plaintiff is owner and entitled to the following lands situated in Atchison County, Mo. (Here follows description), *or such part or portion, if any, as you may find from the evidence plaintiff is entitled to.*" (Italics ours.) The trial court, it would appear, in rendering judgment, treated the italicized portion of the verdict as mere surplusage, ignored it, and entered judgment as though such portion had not been in the verdict. The judgment, description omitted, is as follows: "Now on this 30th day of November, 1935, the same being the——day of the regular November, 1935, term of the Circuit Court of Atchison County, Missouri, this cause having been tried by a jury, the jury after having heard this evidence, received the instructions of the court and the argument of counsel, retired to deliberate on their verdict, and having by their verdict, found the issues for plaintiff, it is therefore by the court ordered and adjudged that plaintiff is the owner of lands described as: (description here), and that the defendant has no right, title, claim or interest in or to said above described lands; and it is further by the court ordered and adjudged that plaintiff have execution against said defendant for the recovery of said lands and the possession thereof, and have and recover his costs in this behalf expended."

An action to determine interest and quiet title under Section 1520, Revised Statutes 1929, may be legal or equitable, according to the pleadings and the character of relief sought, either by plaintiff or defendant. [Ebbs v. Neff, 325 Mo. 1182, 30 S. W. (2d) 616, l. c. 620, and cases there cited.] In the prayer to the first count of the petition, plaintiff in addition to asking that the title be determined and quieted, further asked "that said defendant be forever enjoined, restrained, barred and prohibited from setting up, claiming or asserting any right, title, claim or interest in or to said real estate or any part thereof and from removing therefrom any fence, fences or im-

provements'' on the described lands. And the answer to the first count denies that plaintiff had any interest in the land; alleges that defendant is the fee simple owner, entitled to possesison and in possession, and ''that defendant and those through whom his title and possession of said real estate are derived have more than ten years prior to the commencement of this action been'' in adverse possession, ''and have made lasting and valuable improvements thereon; and that the defendant's title and right to the possession of said real estate are based upon such adverse possession;'' that plaintiff ''during all of said period of time'' knew that defendant and those through whom he claimed were in possession and claimed title, and knew that the improvements were being made; that notwithstanding this knowledge plaintiff did not assert any claim, and for these reasons, defendants allege that plaintiff is estopped to assert title. Further answering the first count, defendant alleges that early in the fall of 1933, defendant advised plaintiff that he (defendant) was about to purchase the land from one Leseberg who was then in possession and claimed ownership; and that plaintiff advised defendant to purchase and promised, upon defendant's purchase, to quitclaim to defendant whatever interest plaintiff had, and that in reliance upon this promise, defendant purchased from Leseberg, but that defendant failed to quitclaim as promised.

Defendant further alleges ''that the lands described in plaintiff's petition are located in the Missouri River; that said lands were formed as islands in said river; that at and for a long time after the first formation or appearance of said lands as islands they were entirely surrounded by the water of said river and that for many years the water flowed between said lands and the Missouri bank of the Missouri River; that there were accretions to said islands from time to time until they became a large body of land and said accretions continued to enlarge the said islands until they were connected with each other and until the water which was previously between the said islands and the mainland on the Missouri side of said river was entirely displaced by the said accretions and the said islands were thereby connected to the high bank on the Missouri side of said river; that the said accretions which connected the said islands to the said high bank of said river were accretions to the said islands and not accretions to the mainland.'' The answer to the second count is similar to the answer to the first count.

We think that the prayer to the first count of the petition makes that count on the equity side of the court, although the judgment decrees no relief of an equity nature. The verdict was general and apparently was intended to cover both counts, since it was found that ''plaintiff is the owner and *entitled*'' to the lands. It might

be inferred that by the use of the word *entitled*, the jury intended to find that plaintiff was entitled to the possession.

■ Numerous cases are cited by both parties involving irregularities in verdicts, but no case cited discloses a verdict like or similar to the one here, and our research has not discovered such a case.

Among the cases cited by plaintiff where irregularities in verdicts have not been held to be fatal are the following:

Buttron et al. v. Bridell et al., 228 Mo. 622, 129 S. W. 12. This case was an action to recover damages for alleged negligence in maintaining in a public street an obstruction, viz., a lime pit filled with hot lime, into which the young son of plaintiffs fell and was scalded to death. The verdict returned was as follows: "We, the jury, in the above-entitled cause, find the issues herein joined, in favor of the plaintiffs and assess their damages at the sum of Seventeen hundred dollars ($1700) to be paid in equal amounts of $850 by defendants." When the verdict was returned by the jury, the court said: "Gentlemen, your verdict is not in proper form; you will use one of the forms given you by the court." Thereupon, the papers were handed to the foreman and he, in open court, the jury not retiring, erased the words, "to be paid in equal amounts of $850 by defendants." The verdict as modified, was accepted by the court and judgment entered thereon. It was held that the stricken part of the verdict was mere surplusage, and that the court did not err in permitting the amendment to be made.

Roman v. King (Mo. App.), 268 S. W. 414, was an action to recover damages for personal injuries alleged to have been sustained by plaintiff while passing down steps. The jury returned the following verdict: "We, the jury in the above cause, find in favor of plaintiff on the issues herein joined, and assess her damages at the sum of $2500 and attorneys' fee." The court told the jury that the verdict so returned could not be accepted and for them to return to their room and read the instructions and return a verdict in accordance with the instructions. The first verdict was destroyed and the jury retired and thereafter returned the following verdict: "We, the jury in the above cause, find in favor of the plaintiff on the issues herein joined and assess her damages at the sum of $5,000." It was held that the court erred in rejecting the verdict which the jury first returned and in accepting the second verdict; that the provision for attorneys' fees in the first verdict was mere surplusage and did not vitiate that verdict.

In State ex rel. Webster v. Knight, 46 Mo. 83, the verdict was: "We, the jury, find a verdict for defendants, they to pay costs of this suit." The court refused to receive the verdict and the jury was discharged. Mandamus was brought to compel the court to receive the verdict. The court said: "The jury found for the defendant; the

verdict was good and complete. The matter of costs was not in issue and was not submitted to them. That part of their verdict, therefore, was merely void and should have been disregarded as surplusage.''

Bredel v. Parker-Russell Mining & Mfg. Co. (Mo. App.), 21 S. W. (2d) 932, was an action to recover the amount alleged to be due and unpaid to plaintiff under a contract of employment. The jury returned a verdict for plaintiff in the sum of $2000, ''with interest thereon at six per cent per annum from the 19th day of March, 1926, to date, amounting to ———— dollars, aggregating ———— dollars.'' The court received the verdict as returned; did not compute the interest, but entered a judgment for $2000 only. It was held that such action by the court was proper; that the interest provision as appeared in the verdict was mere surplusage.

The following are among the cases relied upon by appellant to support his contention that the judgment is wholly void because of the verdict:

In Newton v. St. Louis-San Francisco Railroad Co., 168 Mo. App. 199, 153 S. W. 495, the verdict was: ''We, the jury, find the issues for the plaintiff and assess his damages at the sum of Thirty-five (3500) dollars.'' The appeal in the case was wholly on the record proper, no bill of exceptions having been filed, the same as the situation in the appeal at bar. The trial court entered judgment in the sum of $3500 on the above verdict. The railroad company appealed. Of this verdict the Court of Appeals said: ''The verdict is ambiguous. It may mean one thing and it may mean another, hence, it is no verdict at all, since a verdict must be certain and definite.''

Benne v. Miller et al., 149 Mo. 228, 50 S. W. 824, was in ejectment. Speaking of the verdict in that case the court said: ''A verdict should so describe the land intended to be recovered that the description copied into the writ will of itself show the sheriff the land he is to take from defendant and restore to plaintiff. There can be no other description of the recovery in the judgment of the court than that in the verdict, and there can be no other description in the return. If that is not sufficient, it cannot be aided as was attempted in this case, by having a county surveyor decide what the jury may have intended, but failed to express.''

In all the cases that we have found or to which our attention has been directed concerning irregularities in verdicts, it has been generally held that where a jury attempts to interpolate something in the verdict about which the jury has no concern, the interpolated matter has been held to be mere surplusage and not fatal to a judgment based upon the verdict. But in the present case it cannot be said from the verdict that the jury intended to find that the plain-

tiff was the owner of and entitled to the possession of the lands described in the petition. Neither can it be said in reason that the portion of the verdict, which we have italicized, is about a matter which did not concern the jury, so as to fall under the head of surplusage. Under the first count of the petition, since it was a count in equity, at least, it so appears from the prayer therein, it was the duty of the court to determine all issues raised therein, including ownership, but it was certainly the duty of the jury and their province (since the case was tried as one at law) to find who was entitled to possession under the second count. We might say however, that the answer also raised equitable issues so that the whole case, including the second count, was for the court to determine, but since the matter was submitted to the jury and tried as a law case as to both counts, we so consider it here.

This verdict does not have that clear sense of expression that should obtain in verdicts of this character and it is our conclusion that the judgment should be reversed and the cause remanded, and it is so ordered. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C.; is adopted as the opinion of the court. All the judges concur.