**Joel Grady SMITH and Ledia Ann Smith, Plaintiffs-Respondents,**

**v.**

**O. D. McCLARD and Stella McClard, Defendants-Appellants.**

No. 33260.

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

Claude Arnold, Dexter, for defendants-appellants.

Paul McGhee, Dexter, for plaintiffs-respondents.

BRADY, Judge.

Plaintiffs' petition was in two counts: Count I—an ejectment action and prayer for damages; Count II prayed for an injunction against the locking of a gate which barred plaintiffs from access to their land. Count I was tried to a jury and resulted in a verdict for plaintiffs with damages assessed at $50.00. Count II was tried to the court which found for plaintiffs and entered an injunction. Appeal was first made to the Supreme Court of this State on the ground title to real estate was involved. Since neither party sought, nor did the judgment purport to grant, an adjudication of title, the Supreme Court held title to real estate, within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S., so as to confer jurisdiction upon that court, was not involved. See Smith v. McClard, Mo., 426 S.W.2d 109. The appeal was transferred to this court.

A brief statement of the general facts is all that is necessary. Plaintiffs own an 80 acre tract immediately to the east of a vacated road in Section 31, Township 27 North, Range 9 East, in Stoddard County, Missouri. Defendants own the 80 acres lying immediately to the west of the vacated road. In 1939, before the road was vacated, the predecessors in title to both parties acquired their respective tracts from a common source and at approximately the same time. No mention of road rights of way was contained in any of the conveyances. In 1907 one Glover, who then owned both 80 acre tracts, conveyed to Stoddard County, Missouri, for road purposes, a strip of land 15 feet wide and 34 rods long off of the west side of what is now plaintiffs' land and a strip 15 feet wide and 34 rods long off of the east side of what is now defendants' land. The road then constructed ran in a generally northwardly-southwardly direction and intersected with State Route PP, an east-west road bounding both parties' tracts on the north. At the south end of the 34 rods so granted the road joined the Cape Girardeau-Poplar Bluff road and turned to the southwest with that road. After the road so conveyed by the parties' predecessor in title was established, a fence was built on the west side of the road. This fence started at the southwest corner of the intersection of the road in question and what is now Route PP, went south to the turn of the road as it joined the Cape Girardeau-Poplar Bluff road, and followed the inside curve of that road. Another fence was built on the east side of the road starting at the southeast corner of the intersection. It followed the road south for 34 rods until

the turn began. At this point it went westwardly with the outside curve of the road for about 15 feet and then straightened and continued southwardly to the south line of the section. If this fence (referred to in evidence and hereinafter in this opinion as the east fence) had been continued northwardly in a straight line from the point it intersected with the outer curve to the road, it would have gone straight down the center of the vacated road.

Sometime after 1947 when this road was vacated the fence along the west side of the road either fell or was removed. At a later date defendants placed a gate at the north end of the road so that their land was enclosed on the east by the east fence. To have enclosed defendants' land by dividing the vacated road would have required the erection of a new west fence northwardly from the turn and would have resulted in two parallel fences 15 feet apart.

By Count I of their petition filed April 21, 1965, plaintiffs alleged they owned the west half of the northeast quarter of Section 31, Township 27 North, Range 9 East, in Stoddard County; that while they were entitled to possession defendants entered into "such portion of said premises as lies west of the westernmost fence on said premises which fence runs in a northerly-southerly direction"; and that defendants unlawfully withhold possession from plaintiffs to their damage "in the sum of One Thousand Dollars." They also alleged the monthly value of rents and profits was $100.00. Prayer was for "judgment for the recovery of said premises"; One Thousand Dollars damages for unlawfully withholding the same; and $100.00 monthly for rents and profits from the rendition of judgment until delivery of possession. Defendants' answer was a general denial; the further allegation they owned the premises in dispute by reason of adverse possession; and that the actual boundary line between the plaintiffs' and defendants' property was the east fence.

The only allegation of prejudicial error found in defendants' brief with reference to Count II is worded as follows: "The Court erred in awarding judgment on Count II of plaintiffs' Petition in injunction because: 1. It was against the evidence in the case. (citing cases) 2. Under the law and the evidence, the judgment should have been in favor of defendants, and that they should have had judgment on their claim of adverse possession. (citing cases)" The motion for new trial contains only one paragraph pertinent to the first subparagraph of this allegation of error. Paragraph 6 reads: "Because the judgment of the Court is against the evidence and the greater weight of the credible evidence in the case." As to the second subparagraph of this allegation of error, the only portion of the motion for new trial pertinent thereto is Paragraph 5 which reads: "Because under the law and the evidence, the judgment of the Court should have been for the defendants." This court has had recent occasion to rule upon such allegations of error. In Schneider v. Southwestern Bell Tel. Co., Mo.App., 413 S.W.2d 16, l.c. 19, the purpose of an after-trial motion was again emphasized. Therein we held the grounds of after-trial motion must be specific, not general. See Civil Rules 79.03 and 83.13(a), V.A.M.R. In the instant appeal the failure is compounded by the lack of any further specification in the brief as to such alleged errors, thus violating Civil Rule 83.05(e), V.A.M.R. These allegations of error are not properly before us and will not be ruled in this opinion; therefore we need not state the facts or contentions with regard to Count II.

Count I was submitted to the jury upon plaintiffs' verdict directing instruction worded as follows: "Your verdict must be for plaintiffs if you believe: First, plaintiffs and defendants own adjoining tracts of land, and Second, a portion of each of such tracts along the dividing line between them was granted by the then owner of the land to Stoddard County,

Missouri, for use as a public road, and Third, such land granted for road purposes was used as a public road, and Fourth, such public road was vacated and abandoned by the County Court of Stoddard County, unless you believe that plaintiffs are not entitled to recover by reason of Instruction No. 6." Instruction No. 6 referred to presented defendants' claim of adverse possession.

The measure of damage instruction as given by the court read as follows: "If you find the issues in favor of plaintiffs, then you must award them such sum as you believe will fairly and justly compensate them for the damages which you believe plaintiffs sustained for all waste and injury and the rents and profits from April 21, 1965."

Forms of verdict were prepared for guidance of the jury which read as follows: " 'We, the jury, find the issues in favor of the plaintiffs, and assess plaintiffs' damages at $_____ (stating the amount). _____ Foreman.' If all of you agree upon a verdict in favor of the defendants, it may be in the following form: 'We, the jury, find the issues in favor of the defendants. _____ Foreman.' "

The jury's verdict on Count I was as follows: "We, the jury, find the issues in favor of the plaintiffs, and assess plaintiffs' damages at $50.00.' " It was signed by the foreman. The court entered judgment for plaintiffs by reciting this verdict.

■ There are two points which we have determined require reversal of this judgment and remand of this cause. We are well aware that ruling either of them would be sufficient to accomplish that result but have determined that since the case will undoubtedly be retried we can perhaps avoid further appeal by including them both in this opinion. Neither of these two points is properly preserved or stated for our review, but the defects are of such patent error and so prejudicial that we are compelled to rule upon them as provided in Civil Rule 79.04, V.A.M.R.

■ The first of these has to do with the judgment. While the petition in this case described the land involved in this dispute with sufficient particularity, such a description was not contained in the verdict or in the judgment. It has long been the rule in Missouri that a judgment in ejectment must describe the land with sufficient certainty to enable a writ of possession to be executed without evidence aliunde. Thus a judgment that did not so describe the property was reversed in Franklin v. Haynes, 119 Mo. 566, 25 S.W. 223. See also Kimberlin v. Roberts, 341 Mo. 267, 107 S.W.2d 24. A review of the case law upon the subject may be found by reference to Jones v. Eaton, 307 Mo. 172, 270 S.W. 105, where at l. c. 109 the court said: "This court has had the subject under consideration in a number of cases. In Brummell v. Harris, 148 Mo. loc. cit. 446, 50 S.W. 98, the court said: 'There is one other error to be guarded against on the retrial of this case, if the verdict should be for the plaintiff. The judgment must follow the verdict, and the writ of possession must follow the judgment. *Therefore the verdict must so describe the land which the plaintiff recovers, as that the description alone will show the sheriff exactly what he is to take from defendants and give to plaintiff*. It is not sufficient to refer to evidence whereby the sheriff may ascertain what the jury intended to find but failed to express. *And the burden is on the plaintiff to give the jury such fixed monuments or official documentary data as will enable them to describe the land they intend him to recover with so much certainty that the sheriff, without other evidence, may execute the writ.*' " (Emphasis supplied.) Benne v. Miller, 149 Mo. 228, 50 S.W. 824, is a leading case upon the point. Therein it was held (l. c. 829): "The verdict rendered by the jury was not sufficiently certain. A verdict should so describe the land intended

to be recovered as that the description copied into the writ will of itself show the sheriff the land he is to take from defendant and restore to plaintiff. There can be no other description of the recovery in the judgment of the court than that in the verdict, and there can be no other description in the writ. If that is not sufficient, it cannot be aided, as was attempted in this case, by having the county surveyor decide what the jury may have intended, but failed, to express. The burden is on the plaintiff to furnish evidence of such character as to enable the jury to render a self-demonstrating verdict. If the evidence is not sufficient in that respect, there can be no verdict for plaintiff. The judgment of the circuit court is reversed and the cause remanded to be retried according to the law as herein expressed."

The problem we face with the judgment in the instant case is amply illustrated by what was said in the case of Howell v. Sherwood, 242 Mo. 513, 147 S.W. 810. In that case the verdict was incorporated in the judgment, and the judgment so far as material read: " 'And afterwards, on the same day, the said jury, having agreed upon a verdict, returns into open court and render to the court their verdict, which said verdict is in the following words to wit: "We the jury find the issues in favor of the plaintiffs, and we assess plaintiffs' damages at the sum of $75, and we further find the reasonable rental value of the premises to be one dollar per month until possession is given. O. D. Long, Foreman." It is therefore considered, adjudged, and ordered by the court that plaintiffs have and recover of and from the defendants the sum of $75 as debt and damages, and $1 per month until possession is given aforesaid assessed by the jury, together with all costs in this case laid out and expended for which execution may issue.'

"The land is neither described in the verdict nor in the judgment. The judgment itself does not even adjudge that plaintiffs are entitled to the possession of this or any other land. It is a pure money judgment. * * *

"The judgment at bar does not conform to the issues raised in ejectment, i. e., were plaintiffs entitled to the possession of the land in dispute. It failed to find that they were entitled to possession. It fails to describe any land. No intelligible writ of restitution could be issued thereon. The judgment should not only find that plaintiffs are entitled to the possession of the land, but it should describe the land with such accuracy as will enable the issuance of an intelligible writ of restitution."

That portion of the majority opinion pertinent to this inquiry held (1. c. 819): "It will thus be perceived there was no judgment for the recovery of the premises, describing them as in the petition, and no award of a writ of possession. R.S.1909, § 2398. We can make nothing of it but that the judgment was not responsive to the pleadings and the verdict. (Citing cases.)" However, the majority went on to hold that where there was a single sharp issue over the right to the possession of a tract of land accurately described in the petition, such a verdict while constituting error requiring reversal does not require a retrial. This for the reason the trial court can amend the judgment. It was pointed out that the amendment could take place while the case was still lodged with the appellate court. "But it is better practice to keep the records of lower courts perfect in showing final judgments, and that executions and writs of possession should issue from that court and not from this." Nevertheless, a careful reading of Howell, supra, discloses the majority decision did compel reversal stating: " * * * for the error at the foot of the verdict in the judgment omitting any description of the land and not adjudging possession to plaintiffs and awarding a writ of possession, we will reverse the judgment and remand the cause with directions to the court

below to amend in those particulars, as well as in the names, * * *." The only distinction between the majority opinion and that of Graves, J., is with respect to the extent of the remand. The obvious similarity between the verdict and judgment in Howell and that entered in the instant case is readily apparent in that in neither did the verdict or judgment adjudge plaintiffs were entitled to possession of the land in question or any land, and the judgment was purely a money judgment.

There are later cases holding judgments which incorporate by reference the description in plaintiffs' petition or in some other manner refer in the judgment to a sufficient description which then may be incorporated into the judgment. Judgments reading in that manner have been approved. These cases need not be commented on as there was no such attempt at incorporation in the judgment in the instant appeal. Upon new trial of the instant cause care should be taken so that the land is particularly described with sufficient certainty to meet the requirements of the case law above quoted. Such a description should be submitted to the jury in the plaintiffs' verdict directing instruction and contained in the forms of verdict. It also should be recited in the judgment itself.

■ We pass now from our consideration of the verdict and judgment to our consideration of plaintiffs' verdict directing instruction which is the second matter requiring reversal of this judgment and remand of this cause. As stated earlier herein, one of the reasons compelling the court in Howell, supra, to reverse that judgment was that it failed in " * * * not adjudging possession to plaintiffs". See also Caldwell v. Stephens, 57 Mo. 589, l. c. 596–597. Of course, a verdict or judgment in a jury tried case should not contain such an adjudication unless it has been submitted to and found by the jury. In the instant appeal the prayer of plaintiffs' petition was for "judgment for the recovery of said premises"; i. e., possession. The transcript amply proves that

possession was in fact the issue that was tried. Of course, it would be since ejectment is a possessory action. Levee Dist. No. 4 of Dunklin Co. v. Small Bros. Lumber Co., Mo.App., 281 S.W.2d 614; Townsend v. Lawrence, Mo., 262 S.W.2d 55, transferred to Mo.App., 267 S.W.2d 489. It has been stated to be "purely and solely a possessory action". Hecker v. Bleish, 319 Mo. 149, 3 S.W.2d 1008, l. c. 1019. The relief sought and granted therein is recovery of possession. City of St. Charles v. De Sherlia, Mo., 303 S.W.2d 32, transferred to 308 S.W.2d 456. Section 524.-080 RSMo 1959, V.A.M.S. states that to entitle the plaintiff to recover it is sufficient to show defendant was in possession of the premises at the commencement of the action (a matter not in dispute in the instant appeal) and plaintiff had the right to possession. In spite of the fact that possession was the essence of this action, plaintiffs' verdict directing instruction does not require the jury to make any finding regarding possession or the right to possession by plaintiffs.

■ It is not possible to determine from this verdict what kind of damages the jury awarded. The prayer was for $1,000.00 for unlawfully withholding possession of the premises and $100.00 per month for rents and profits. The submission was for " * * * such sum as you believe will fairly and justly compensate them for the damages which you believe plaintiffs sustained for all waste and injury and the rents and profits from April 21, 1965." It is true that in ejectment the prevailing party is entitled to nominal damages without further proof (Curd v. Reaban, Mo., 232 S.W.2d 389), but we cannot hold this award to be of such nature. Here plaintiffs submitted a measure of damage instruction, the wording of which shows they sought compensatory damages. In any event, damages cannot be awarded in an ejectment action unless there is a finding plaintiffs are entitled to possession. Although Howell, supra, held that such an adjudication was neces-

sary, it was not hypothesized in the instant case in plaintiffs' verdict directing instruction, neither is an award of possession to be found in the verdict or in the judgment. We hold the giving of plaintiffs' verdict directing instruction was prejudicially erroneous in that it did not require the jury to find plaintiffs were entitled to possession and were in fact damaged. Thus it did not submit the ultimate issues in the same manner as issues are submitted in Missouri Approved Instructions.

It follows the judgment must be reversed and the cause remanded for a new trial. We are cognizant that, as stated earlier herein, there were no prejudicial errors preserved for our review regarding the judgment as to Count II of the petition, but it is obvious that judgment was in fact based upon the jury's verdict and judgment in Count I. In the interest of justice the new trial should be on both counts of the petition.

RUDDY, Acting P. J., and WOLFE, J., concurs.