

# Missouri Court of Appeals

## Southern District

### Division Two

KAREN HOSFELD, )
)
    Plaintiff-Appellant, )
)
v. ) No. SD36457
)
PCRMC/BOND CLINIC MEDICAL ) **Filed: July 7, 2020**
GROUP INCORPORATED, )
)
    Defendant-Respondent, )
)
and )
)
DANA VOIGHT, MD, )
)
    Defendant. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Wiggins

**<u>AFFIRMED</u>**

A jury found against Karen Hosfeld ("Plaintiff") in her suit for wrongful death. Plaintiff's single claim on appeal is that the trial court abused its discretion in denying her motion for new trial because the jury's verdict in favor of the defendant, PCRMC/Bond Clinic Medical Group Incorporated ("Clinic"), was ambiguous. Finding no merit in that claim, we affirm.

## Background

Plaintiff originally filed her lawsuit against two defendants: Clinic and its employee, Dr. Dana Voight ("Dr. Voight"). The petition alleged that Dr. Voight's medical negligence resulted in the death of Plaintiff's mother, Irene Hosfeld ("Ms. Hosfeld"). It further alleged that Dr. Voight was acting in the course and scope of his employment with Clinic at the time of that death, making Clinic vicariously liable for Dr. Voight's negligence under the doctrine of *respondeat superior*. Before the jury-selection process began, Plaintiff dismissed her claim against Dr. Voight, leaving Clinic as the only defendant in the case.

The verdict-directing instruction eventually submitted to the jury required it to return a verdict in favor of Plaintiff if it found that Clinic's employee, Dr. Voight, was negligent, and his negligence caused or contributed to cause Ms. Hosfeld's death. Specifically, the instruction stated:

> Your verdict must be for [Plaintiff] if you believe:
>
> > First, [Clinic]'s employee [Dr. Voight] either,
> > did the surgery on 3/21/17 without first getting [Ms. Hosfeld] an adequate heart evaluation, or
> > failed to timely repeat the hemoglobin test when he saw [Ms. Hosfeld] on 3/22/17, or
> > allowed a blood thinner to be give[n] on 3/22/17, and,
>
> > Second, [Clinic]'s employee [Dr. Voight], in any one or more of the respects submitted in paragraph First, was thereby negligent, and
>
> > Third, such negligence directly caused or directly contributed to cause damage to [P]laintiff.

During the course of its deliberations, the jury sent three written questions to the trial court. The one at issue in this appeal, unlike the others, was signed by an individual juror instead of by the jury's foreperson. It stated: "Can we hold Phelps

2

Health[1]/P[CR]MC/Bond Clinic accountable without Dr. Voight [as] his name does not appear on the verdict?" The trial court's answer – without objection – was that the jury "must be guided by the instructions the court has given including the verdict form."

The jury subsequently completed and returned the following verdict form:

**VERDICT**

Note:   Complete this form by writing in the name required by your verdict.

On the claim of plaintiff Karen Hosfeld for the wrongful death of Irene Hosfeld against defendant PCRMC/Bond Clinic Medical Group, Incorporated, we, the undersigned jurors, find in favor of:

_____ *Defendant Dana Voight/PCRMC Bond* _____

(Plaintiff Karen Hosfeld)            OR        (Defendant PCRMC/Bond Clinic Medical
                                                            Group, Incorporated)

Note:   Complete the following only if the above finding is in favor of plaintiff Karen Hosfeld. Complete by writing in the amount of damages, if any, for each of the following itemized categories. If you do not find that plaintiff has damages in a particular category, write "none" in that category. The total damages must equal the total of the itemized damage amounts you have assessed.

We, the undersigned jurors, assess the damages of plaintiff Karen Hosfeld as follows:

| | |
|---|---|
| For past economic damages including past medical damages | $_____ |
| For past non-economic damages | $_____ |
| For future non-economic damages | $_____ |
| TOTAL DAMAGES | $_____ |

Note:   All jurors who agree to the above must legibly sign or print their names below.

[signatures of the referenced 9 jurors redacted]

When the verdict form was returned, Plaintiff objected to the trial court's accepting it on the ground that the jurors had improperly included Dr. Voight's name on it. Plaintiff argued that the addition of Dr. Voight rendered it an "improper verdict" due to the jury's

---

[1] Phelps Health was not a defendant in the case.

3

prior question about whether it could hold Clinic responsible without Dr. Voight. Plaintiff then requested that the jury be sent back to correct its verdict. The trial court overruled Plaintiff's objection and stated that it would treat Dr. Voight's name as surplusage, given that the jury had been informed that Dr. Voight was Clinic's employee. The trial court polled the jury, and nine of its members verified that it was his or her verdict. The trial court then accepted the verdict and entered judgment in favor of Clinic.

Plaintiff's motion for new trial claimed that the jury's question about "hold[ing] Clinic] accountable" without Dr. Voight "indicated a willingness by the jury to hold [Clinic] accountable if Dr. Voight would not be also liable." It claimed that the trial court's determination that the addition of Dr. Voight's name was mere surplusage "necessarily involve[d] an interpretation of why the jury put Dr. Voight on the verdict" and created an ambiguity in light of the jury's earlier question.[2]

At the hearing on the motion for new trial, Plaintiff did not present any evidence in support of her assertion about what the jury believed based upon the question it had sent to the trial court. The trial court denied the motion, and this appeal timely followed.

### Analysis

> The standard of review for the denial of a motion for new trial is abuse of discretion by the trial court. *M.E.S. v. Daughters of Charity Services of St. Louis,* 975 S.W.2d 477, 482 (Mo.App. E.D.1998). A new trial will be available only upon a showing that trial error or misconduct of the prevailing party incited prejudice in the jury. *Kansas City v. Keene Corp.,* 855 S.W.2d 360, 372 (Mo.banc 1993).

***Echard v. Barnes-Jewish Hosp.***, 98 S.W.3d 558, 567 (Mo. App. E.D. 2002). We presume that discretionary rulings by the trial court are correct. ***Arrington v. Goodrich Quality Theaters, Inc.***, 266 S.W.3d 856, 864 (Mo. App. S.D. 2008).

---

[2] We interpret this assertion to be a tacit admission that the jury's verdict was not ambiguous on its face.

Here, Plaintiff claims the trial court erred in accepting the jury's verdict in favor of "Defendant Dana Voight/PCRMC Bond" and entering judgment in favor of Clinic because the jury's inclusion of Dr. Voight on the verdict form did not follow the instructions and was ambiguous. We disagree.

> In examining a jury's verdict, "the court determines if it can find a reasonably clear intent expressed therein.... The verdict is construed liberally when attempting to ascertain the jury's intent." *Kansas City Power & Light Co. v. Bibb & Assoc., Inc.,* 197 S.W.3d 147, 154–55 (Mo.App.W.D.2006) (internal citations omitted) (internal quotations omitted).

***Walsh v. City of Kansas City***, 481 S.W.3d 97, 109 (Mo. App. W.D. 2016).

In support of her claim, Plaintiff argues that the jury asked whether it could hold Clinic accountable without Dr. Voight, not whether it could find in Clinic's favor without Dr. Voight. According to Plaintiff, "[i]t is thus entirely possible that the jury found for 'Defendant Dana Voight/PCRMC/Bond' because it believed if it found for Plaintiff against [Clinic] alone, Dr. Voight would be liable."

> Even when a verdict is defective in form, if a verdict substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon for one or the other party, it is sufficiently certain. *Morse v. Johnson,* 594 S.W.2d 610, 616 (Mo. banc 1980). When the intent is ascertainable and the verdict includes findings on the required issues, it is error for the trial court to refuse to accept the verdict. *Haley v. Byers Transportation Co.,* 394 S.W.2d 412, 415 (Mo.1965). Mere surplusage in a verdict has often been disregarded. *Valiant v. American Family Mutual Insurance Co.,* 698 S.W.2d 584, 586 (Mo.App.1985); *Thorne, supra,* 350 S.W.2d at 757; *State ex rel. St. Louis Public Service Co. v. Becker,* 334 Mo. 115, 123–24, 66 S.W.2d 141, 144–45 (1933); *see Kimberlin v. Roberts,* 341 Mo. 267, 271–72, 107 S.W.2d 24, 26–27 (1937).

***Hinton v. State Farm Mut. Auto. Ins. Co.***, 741 S.W.2d 696, 702 (Mo. App. W.D. 1987).

The evidence at trial was that Dr. Voight was Clinic's employee, and Dr. Voight was present at counsel table during the entire trial. All potential liability against Clinic was based upon the conduct of Dr. Voight. The jury did not award Plaintiff any damages, and

Plaintiff bases her ambiguity argument purely upon speculation about what the jury might have thought (based upon a question submitted by one of its members). No juror testified at the hearing on the motion for new trial that the jury had any such concern, and Plaintiff has pointed to nothing in the closing arguments at trial that would have suggested that Dr. Voight would be personally liable for any damages if the jury rendered a verdict in favor of Plaintiff.

While the addition of Dr. Voight's name to the verdict form was technically improper in that he was no longer a defendant in the case, Plaintiff has failed to demonstrate that what occurred here is more like what happened in cases that reversed judgments based upon ambiguous or inconsistent verdicts than cases that considered the defects as mere surplusage. *See* ***Hinton***, 741 S.W.2d at 702; ***Valiant v. American Family Mut. Ins. Co.***, 698 S.W.2d 584, 586 (Mo. App. E.D. 1985).

Plaintiff's point is denied, and the presumed-correct judgment of the trial court is affirmed.


DON E. BURRELL, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

6